366 A.2d 220

**COMMONWEALTH of Pennsylvania**

v.

**Henry B. MILLER, Appellant.**

Supreme Court of Pennsylvania.

Argued May 6, 1976.

Decided Nov. 24, 1976.

John H. Chronister, York, for appellant.

Morrison B. Williams, Asst. Dist. Atty., D. L. Reihart, Dist. Atty., York, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Henry B. Miller, entered a plea of guilty to an indictment charging him with the May 4, 1973, mur-

der of his mother, Mariella Miller. Following a degree of guilt hearing at which both the prosecution and appellant presented testimony, a court en banc set the degree of guilt at murder in the first degree. Appellant was sentenced to life imprisonment and this appeal followed.

Appellant's sole contention on this appeal is that the trial court erred in finding appellant guilty of murder in the first degree in view of the psychiatric testimony submitted at the degree of guilt hearing. We do not, however, reach the merits of the issue raised since no post-verdict motions were filed in the trial court, and the issue was never considered in that court. In *Commonwealth v. Robinson*, 442 Pa. 512, 515, n. 2, 276 A.2d 537, 539 (1971), we said:

> "We have concluded that the preferable practice, since it may narrow the issues on appeal or perhaps obviate an appeal entirely, is to file post trial motions in any first degree case where error is asserted, whether the conviction follows a full trial or only a degree of guilt hearing held after a plea of guilty."

In numerous cases we have enunciated and applied the rule that issues not raised in post-verdict motions are deemed waived and may not be raised on direct appeal. For example, see *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972). This rule applies whether the appeal arises from a conviction following a full trial or only a degree of guilt hearing after a plea of guilty. *See, Commonwealth v. Robinson, supra*, 442 at 515 n. 2, 276 at 539 n. 2.

On June 8, 1973, this Court codified the aforementioned rules with respect to degree of guilt hearings in Rule 1123(e) of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix. Rule 1123(e) provides:

> "The trial judge shall determine whether post-verdict motions shall be argued before himself alone or before a panel sitting as a court en banc. *In cases in*

*which a panel of three judges determines the degree of guilt* pursuant to Rule 319A, *all post-verdict motions shall be heard before the court en banc.* Whenever the trial judge hears the motions alone, he may make any rulings that could be made by a court en banc." (Emphasis added.)

In the case at bar, the degree of guilt hearing (June 13, 1974) and the finding of guilt by the court en banc (July 17, 1974) occurred after the effective date of Rule 1123 of the Pennsylvania Rules of Criminal Procedure. Thus, the issue that arises is whether the appellant has waived his right to appeal by failing to file post-verdict motions. A review of the record indicates that the appellant was not properly informed of the necessity of filing post-verdict motions before appealing to this Court. In the record, the following discussion occurred prior to sentencing:

"THE COURT: [Defense counsel], would you or your client like to say anything further to me at this time?

[APPELLANT]: I'd like to appeal and take it to a higher court.

THE COURT: That will be your right. And I'm now going to put that on the record, so that it will be clear to you what your rights are in that respect.

Mr. Miller [appellant], *I am now advising you that you do have the right to appeal* from the judgment of sentence that I am about to impose. . . . I am cautioning you that unless an appeal is taken within 30 days from this date, you will have waived your right of appeal."

(Emphasis added.)

It is likely from the above that the appellant was led to believe that a direct appeal could be taken to a higher court without the need for filing post-verdict motions. In view of this it cannot be said that the appellant knowingly and intelligently waived his right to file

374

post-verdict motions. *See, e. g., Commonwealth v. Williams*, 459 Pa. 589, 330 A.2d 854 (1975).

Accordingly, this case is remanded to the trial court for the filing of post-verdict motions. Following disposition of these motions by the trial court, either party may seek appropriate review on appeal.