384 A.2d 589

COMMONWEALTH of Pennsylvania

v.

Larry Wayne CATHEY, Petitioner.

Supreme Court of Pennsylvania.

Feb. 28, 1978.

Rehearing Denied April 20, 1978.

448

Neil Carver, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Philadelphia County, Robert B. Lawler, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM:

Petition for allocatur granted,[1] order of the Superior Court vacated, and case remanded to the Court of Common Pleas of Philadelphia to allow filing of supplemental post-verdict motions. *Commonwealth v. Miller,* 469 Pa. 370, 373, 366 A.2d 220, 221 (1976); *Commonwealth v. Brown,* 248 Pa.Super. 289, 375 A.2d 102 (1977); *Commonwealth v. Simmons,* 236 Pa.Super. 466, 344 A.2d 593 (1975); *Commonwealth v. Dimitris,* 231 Pa.Super. 469, 331 A.2d 701 (1974).

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204, 17 P.S. § 211.204 (Supp.1977).

Petitioner was convicted of receiving stolen goods, 18 Pa.C.S.A. § 3925 (1973), and conspiracy, id. § 903, by a court sitting without a jury. Following the verdict, the court informed petitioner of his right to appeal and to file post-verdict motions. The trial court did not "advise the defendant . . . on the record . . . that only the grounds [for review] contained in [post-verdict] motions may be raised on appeal" even though Pa.R.Crim.P. 1123(c) requires that he be so informed. See generally *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975) (issue not presented in post-verdict motions are not preserved for appellate review).

 Petitioner's counsel filed boilerplate post-verdict motions raising only the sufficiency of the evidence. These motions were denied. Petitioner then appealed to the Superior Court, attacking both the sufficiency of the evidence and the introduction of certain evidence allegedly seized in violation of the fourth amendment. The Superior Court held that the evidence was sufficient to convict petitioner,[2] and that the fourth amendment claim had been waived because petitioner had not presented it in post-verdict motions.

 The right to appeal is a personal right which a defendant may relinquish only through a knowing, intelligent and voluntary waiver. *Fay v. Noia*, 372 U.S. 371, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Commonwealth v. Jones*, 447 Pa. 228, 286 A.2d 892 (1971); *Commonwealth ex rel. Robinson v. Myers*, 427 Pa. 104, 107, 233 A.2d 220, 221–22 (1967); ABA Project on Standards Relating to Criminal Appeals § 2.2(b) (Approved Draft, 1970). To assure that any waiver of this right is knowing and intelligent, this Court has promulgated Pa.R.Crim.P. 1123(c) and 1405(b), which ensure that defendants are informed not only that they have a right to appeal, but also that any issue they wish to raise on appeal must be raised first in post-verdict motions. Thus

2. In his petition for allocatur, petitioner renews his claim that the evidence was insufficient to convict him. After reviewing the record, we find this contention without merit.

these rules ensure that defendants are informed of how to exercise their right to appeal effectively.

Other personal rights cannot be waived without a showing on the record that one knows of the rights, how they may be exercised, and the importance of exercising them. In *Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978), we held that a defendant's waiver of the right to stand trial is not effective unless the trial court, through an on-the-record colloquy, ensures that a defendant knows of his right to a trial and of what the Commonwealth must prove at a trial. Accord, Pa.R.Crim.P. 319(b)(2). Similarly, the trial court must ensure that a defendant knows the significance of his right to a trial by jury, as well as the right itself, before a waiver of that right may be effective. *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973); Pa.R.Crim.P. 1101; see also *Commonwealth v. Kulp*, 476 Pa. at 362, 382 A.2d at 1209 (explaining prophylactic nature of *Williams* rule). And a defendant may waive his right to representation by counsel at trial only after the court ensures that he understands what such a waiver entails. *Commonwealth v. Tyler*, 468 Pa. 193, 360 A.2d 617 (1976) (alternate holding); *Commonwealth v. Grant*, 229 Pa.Super. 419, 323 A.2d 354 (1974). The remedy which we afford for failure to inform a defendant of his rights is a return of the proceedings to the stage at which the defect occurred. *Commonwealth v. Kulp*, supra (guilty plea withdrawn and trial granted); *Commonwealth v. Williams*, supra (new trial granted); *Commonwealth v. Tyler*, supra (new trial, with counsel, granted); *Commonwealth v. Grant*, supra (same).

We have afforded no less protection to a defendant's personal right to appeal. *Commonwealth v. Miller*, 469 Pa. 370, 373, 366 A.2d 220, 221 (1976) (violation of Rule 1123(c) required that petitioner be given opportunity to file post-verdict motions to perfect his right to appeal). Because the trial court did not comply with Rule 1123(c), petitioner's failure to file adequate post-verdict motions cannot be deemed a knowing and intelligent waiver of his right to appeal. This Court must correct this defect by remanding to

permit petitioner to present such post-verdict motions as may be appropriate for him to perfect his appellate rights. *Commonwealth v. Miller,* supra; *Commonwealth v. Brown,* 248 Pa.Super. 289, 375 A.2d 102 (1977); *Commonwealth v. Simmons,* 236 Pa.Super. 466, 344 A.2d 593 (1975); *Commonwealth v. Dimitris,* 231 Pa.Super. 469, 331 A.2d 701 (1974).

Order of the Superior Court vacated and case remanded for the filing of supplemental post-verdict motions.

EAGEN, C. J., filed a dissenting opinion in which POMEROY, J., joins.

EAGEN, Chief Justice, dissenting.

I dissent.

I would grant allocatur and determine the merits of the issue after it is briefed and argued. I am not convinced the answer is so clear that a summary disposition is warranted.

POMEROY, J., joins in this opinion.