410 A.2d 740

**COMMONWEALTH of Pennsylvania**

v.

**Sanford L. SHORE, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 10, 1979.

Decided Feb. 1, 1980.

Arthur J. King, Joseph A. Ciccitto, Asst. Public Defenders, Norristown, for appellant.

Ronald T. Williamson, Chief, App. Div., Asst. Dist. Atty., Lois S. Hagarty, First Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On January 21, 1974 in the Court of Common Pleas of Montgomery County, Pennsylvania, the appellant, Sanford L. Shore, was convicted of murder in the second. degree. Judgment of sentence was set at ten to twenty years imprisonment. No post-trial motions were filed. On June 6, 1978, a petition to allow post-trial motions nunc pro tunc was filed. After a hearing held pursuant to the Post Conviction Hearing Act, the petition was denied and this appeal followed.[1]

Appellant asserts that his trial counsel was ineffective because appellate rights were not preserved. Defendants have the burden of showing ineffectiveness of counsel as a basis for relief in post-conviction hearings. *Commonwealth v. LaSane*, 479 Pa. 629, 389 A.2d 48 (1978). Whether a "particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest" is the test for effectiveness of counsel. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967).

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1979).

■ Counsel cannot be deemed ineffective for failing to advance frivolous issues; only when an abandoned claim is of arguable merit need we inquire into whether counsel had reasonable grounds for not pursuing it. *Commonwealth v. Hosack*, 485 Pa. 128, 401 A.2d 327 (1979). *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978).

Appellant's trial counsel did not file post-trial motions preserving for appeal certain issues raised, but denied, in pre-trial motions. Appellant reasons that if issues were not too frivolous to have been grounds for pre-trial motions, they should be treated as being just as meritorious in the post-trial stage, and that counsel fails as a zealous advocate by not pursuing all such issues on appeal. We disagree. After adversary hearings on pre-trial motions, issues raised therein may lose their appearance of arguable merit. Furthermore, the mere filing of motions does not guarantee that issues raised therein have a reasonable possibility of being found meritorious. Were appellant's reasoning to be accepted, the decision to appeal would become a perfunctory process requiring counsel, for their own protection, to file appeals whenever defendants have "nothing to lose" because of the possibility, however unreasonably remote, of unexpected appellate results. Counsel's discretion to avoid raising issues devoid of arguable merit preserves the court system for hearing legitimate issues as expeditiously as possible.

■ Appellant asserts, without specifying alleged errors, that the PCHA court incorrectly found the denied pre-trial motions to be without arguable merit for appeal. At the PCHA hearing, trial counsel testified that no post-trial motions were filed because, after thoroughly researching grounds to challenge pre-trial rulings, no authority could be found with which to assert that the court had ruled erroneously. After reviewing the record of the PCHA proceedings, we find ample support for the conclusion of the court

538

therein that filing of post-trial motions would have been to no avail; hence, appellant was not denied effective counsel.[2]

■  Appellant also contends that he did not knowingly and voluntarily waive appellate rights. See *Commonwealth v. Cathey*, 477 Pa. 446, 384 A.2d 589 (1978). It is asserted that trial counsel, hoping to prevent hardship from delay, and believing an appeal would not likely be successful, advised against appealing without suggesting possible grounds for appeal and without explaining the need to file post-trial motions. However, counsel testified to having

2.  Appellant's conviction resulted from admission at trial of several groups of incriminating statements which counsel attempted to suppress prior to trial. None of these adverse suppression rulings were raised as error post-trial.

The first statements were made shortly after the crime, when having abandoned his victim in a remote area, appellant drove to a hospital under his own free will and made spontaneous statements to a physician about the crime in an effort to locate and save the victim. While these statements were being made, appellant was administered a mild tranquilizer which the physician testified at the suppression hearing would not have a disorienting effect and, in fact, may have promoted an organized comprehension by appellant of his situation. After examining the suppression hearing testimony, we find no arguable merit to contentions that appellant was unaware of the nature of his statements or was critically impaired in his ability to refrain from making the same.

Statements were also made to police called by the physician to assist in locating the victim so that the victim's life could be saved. Appellant moved to suppress these on the ground that he was not advised of his rights before making these statements. Our review of the record supports the finding of the court below that there would not be arguable merit to an assertion that the statements resulted from custodial interrogation. The statements were voluntary, spontaneous utterances intended to assist police in searching for the victim and were not elicited through questioning.

Finally, certain statements were, at a later time, elicited through custodial interrogation. After being advised of his constitutional rights, appellant proceeded to answer questions voluntarily, although in response to certain questions he expressed a desire not to respond. The statements thereby obtained were made before counsel was requested and were ruled admissible. Although these statements may have been subject to suppression by authority of a case decided almost two years after appellant's trial, *Michigan v. Mosley*, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), effective counsel need not have foreseen such a change in the law. *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977). During the period when post-trial

conferred with appellant on the day of the conviction and to having explained in considerable detail appellate options available. The conference was evidenced by a letter written later that day which appellant admitted to having received from counsel.[3] This admission weighs strongly against the credibility of the assertion that appellate rights were not explained.

After the conviction, according to trial counsel, appellant never expressed interest in a timely appeal. Indeed, at sentencing, appellant said he wanted rehabilitation and didn't care whether he received it in a state hospital or in a penal institution. The court below found further doubt cast upon appellant's credibility because, on direct examination, appellant claimed that counsel never discussed a strategy for the sentencing hearing but on cross-examination an admission was obtained that such a discussion possibly did occur. Appellant denied receiving a letter from counsel promising a visit to explain sentencing.[4] Counsel did not specifically

motions could timely have been filed, counsel effectively researched grounds for appeal based on existing law.

3. The letter stated:
"This will serve as a memorandum of our discussion at the Prison this afternoon. Following the verdict of second degree murder rendered today, I advised you that you have a right to file motions for a new trial, that the motions must be filed withingten [sic] (10) days of the verdict, that if a second trial were granted the offense could go no higher than second degree murder, that the possible verdicts would be murder in the second degree, voluntary manslaughter or not guilty, that if this Court refused to grant a new trial you would have a right to appeal to the Supreme Court, and that the costs would be borne by the State. You and I discussed the pros and cons and your decision was not to file an appeal but to have me inform the Court you wish to be sentenced.
I will wait the full ten (10) days before I contact the Court about sentencing. If you have any questions about our discussion or about the decision, please let me hear from you, and if the summary is inaccurate or incorrect, please let me know at once." (N.T. 7/31/78: 47).

4. Trial counsel testified to the following letter, dated January 29, 1974:
"Judge Vogel informed me that he has set sentencing for February 27, 1974. I mentioned hospitalization and he reacted instantly in the negative. I believe that he has made up his mind and my guess is

recall keeping this appointment but testified that he made numerous visits to confer with appellant and believed all commitments were kept. Appellant's final assertion with regard to the knowing and voluntary waiver of appeal issue is that the record indicates he held a misapprehension that appeal and treatment were mutually exclusive options. However, our review of the record does not confirm such a misunderstanding, and, in view of the heretofore discussed advice given appellant with respect to appellate options, we find that the assertion of such a misapprehension lacks basis for credibility. The record confirms that appellant's main concern was with prompt treatment, but not that appellant believed taking an appeal would foreclose treatment. Finally, the record of the March 1, 1974 sentencing hearing contains a dialogue which indicates that appellant had previously been advised of post-trial options and the effect of failure to exercise those options.[5]

that it will be the maximum of 10 to 20 years. You can employ the services of Dr. Sadoff again and possibly he can influence the Judge to have you committed to a mental institution. I suggest that you talk this over with your parents. I will be over to see you before sentencing for a full discussion of the matter  . . . " (N.T. 7/31/78: 48).

5. THE COURT: Mr. Shore, you realize that upon request of your counsel the court scheduled this date for sentencing and you had not filed what we call post-trial motions?  . . . .
MR. SHORE: Yes.
THE COURT: Therefore you are waiving any error that this Court may have committed with regard to the motions to suppress concerning your statement, your voluntary statement or your spontaneous statements to the psychiatrist and to the police officer, and also your statement to Detective Moody; are you aware of that, sir?
MR. SHORE: Yes.
THE COURT: Therefore, you do not have any right to appeal in that regard; you are aware of that?
MR. SHORE: Yes.
THE COURT: You are aware further that you do have a right to appeal from the court's—under Rule 1405—of the court's sentence only as to the harshness of the sentence, though, and that right will be taken, if you so desire, by Mr. Yatsko within 30 days from this date; do you understand?
MR. SHORE: Yes. (N.T. 3/1/74: 15–16).

Appellant was assisted by effective counsel at trial. Appellate rights were waived knowingly and voluntarily. Accordingly, we affirm the order of the court below denying the petition to file post-trial motions nunc pro tunc.

Order affirmed.

ROBERTS, J., filed a concurring opinion.

EAGEN, C. J., concurs in the result.

ROBERTS, Justice, concurring.

The record clearly demonstrates that appellant was aware of his right of appeal, and the consequences of failing to file it timely. The record does not demonstrate that appellant's decision not to appeal was based on advice of counsel. Although appellant claims that trial counsel was ineffective in failing to preserve appellant's appellate rights, counsel cannot be held ineffective unless appellant demonstrates that the course of action chosen by counsel had no reasonable basis. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). On this ground, I concur in the result. Thus any discussion by the majority of the merits of the claims which might have been raised on appeal must be considered dictum.