425 A.2d 329

COMMONWEALTH of Pennsylvania

v.

Willard HERTZOG, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 13, 1980.

Decided Jan. 27, 1981.

Dwight L. Danser, Easton, Northampton, for appellant.

Richard J. Shiroff, James M. Connell, Asst. Dist. Attys., Northampton, for appellee.

## OPINION OF THE COURT

ROBERTS, Justice.

Willard Hertzog appeals from an order of the Court of Common Pleas of Northampton County dismissing his amended petition for relief under the Post Conviction Hearing Act (PCHA) and his petition to withdraw his guilty plea "nunc pro tunc." We conclude that the court denied relief based on an erroneous belief that the sentence imposed on the plea to charges of aggravated assault is lawful. That portion of the order sustaining the sentence on aggravated assault is vacated and the record is remanded with instructions.

I

In August of 1974, criminal complaints were filed against appellant charging him with involvement in the shooting death of one person and the serious injury of three others. Charges in the complaints include one count of murder, 18 Pa.C.S. § 2502, three counts of attempted murder, id. and § 901, and one count of possessing a prohibited offensive weapon (a bayonet), § 908.

Also included in the complaints are three counts of felonious aggravated assault, 18 Pa.C.S. § 2702(a)(1). Section 2702(a)(1) makes it a felony of the second degree for a person to

"attempt[ ] to cause serious bodily injury to another, or cause[ ] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. . . ."

Felonious aggravated assault is punishable by a term of imprisonment of up to ten years. 18 Pa.C.S. § 1103(2).

Appellant was arrested, preliminarily arraigned, and confined to the Northampton County Prison on the previously listed charges. Before any preliminary hearing, appellant was removed from the prison and committed to Farview State Hospital for psychiatric examination and treatment.

Appellant was returned to the county prison in May of 1975. On May 15, he was afforded a preliminary hearing on the charges, including felonious aggravated assault, and held for court.

Four days later, a grand jury returned three bills against appellant. Of the charges originally lodged in the criminal complaints, the true bills returned by the grand jury include the single count of murder, the three counts of attempted murder, and the single count of possessing an offensive weapon. The three counts of felonious aggravated assault charged in the complaints were not approved by the grand jury. Indeed, there is no indication that a bill containing the three counts of felonious aggravated assault was ever submitted to the grand jury. Instead, the record reflects that

the grand jury approved only three charges that appellant did "intentionally and knowingly cause bodily injury to [a named victim] with a deadly weapon." This language states a violation of 18 Pa.C.S. § 2702(a)(4), misdemeanor aggravated assault, a first-degree misdemeanor punishable by imprisonment of up to five years, § 1104(1). This offense differs from the second-degree felony offense, § 2702(a)(1), punishable by imprisonment of up to ten years, for which appellant was not indicted.

On September 22, 1975, appellant appeared at formal arraignment with retained counsel. Appellant pled not guilty to the single count of murder. The Commonwealth withdrew the offensive weapon count. As to the remaining charges, appellant did not formally enter a plea. Instead, counsel for appellant requested and was granted leave to consult with appellant concerning his plea.

In an on-the-record discussion, counsel advised appellant on the probabilities of jury convictions of the various degrees of murder. Counsel expressed his belief that murder of the third degree was the likely verdict, with a maximum sentence of twenty years. See 18 Pa.C.S. § 1103(1). Counsel then told appellant that:

> "[o]n the aggravated assault and battery charges, of which there are three, each one carries with it five-to-ten years. . . ."

Thus, even though the indictment charged only misdemeanor aggravated assault, punishable by a maximum of five years imprisonment, counsel proceeded on the assumption, and advised appellant, that appellant was charged with and would be sentenced on the higher, felonious aggravated assault. Counsel further advised appellant that there are three attempt to commit murder charges, each punishable by five-to-ten year terms of imprisonment:

> "If you were acquitted of the homicide and convicted of aggravated assault, the three of them, and the three attempts to commit murder, you would be facing a thirty-to-sixty year possible sentence."

Counsel in no respect advised appellant on the probability of merger of the aggravated assault and attempt to commit murder offenses. (See *United States v. Herrold*, 635 F.2d 213 (3d Cir. 1980).)

Against this background, counsel informed appellant of his discussion with the district attorney and the district attorney's willingness to recommend that the court accept a plea to murder of the third degree. As to the other charges, counsel informed appellant that the Commonwealth was willing to drop the charges of attempt to commit murder and recommend acceptance of a plea to the aggravated assault counts. On these terms, according to counsel, the Commonwealth would "recommend not five-to-ten years but rather two and a half-to-five years." This sentencing "recommendation," however, was no concession at all. It merely represented the maximum permissible sentence consistent with the grand jury's indictments on misdemeanor aggravated assault.

Following this discussion, the court was informed of the "agreement" in which appellant would plead guilty to one count of murder of the third degree and three counts of aggravated assault, with the district attorney dropping charges on attempted murder and recommending sentence of two and one-half to five years on each count of aggravated assault, "to run consecutive." After hearing testimony of a psychiatrist on the question of appellant's intent to kill, as well as the Commonwealth's admission that it would have difficulty establishing murder of the first degree, the court then discussed the plea with appellant. There is nothing to indicate that the court reviewed the bill approved by the grand jury charging only misdemeanor aggravated assault and not the felony offense. Instead, acting on an assumption that the felony counts of aggravated assault were still in the case, the court asked appellant:

"Do you understand, Mr. Hertzog, that you are staring a minimum of twenty-five years and a maximum of fifty- years, to be served by you in an appropriate institution picked by me?

"And based upon that knowledge, do you agree to plead guilty accordingly?

.      .      .      .      .

"To the charge of murder in the third degree and to three charges of aggravated assault and battery, carrying with them each a five-to-ten year term."

On the basis of appellant's affirmative responses to these questions, the court concluded:

"I am satisfied and I make a finding that the plea is understandingly and voluntarily tendered and that this defendant knows that if I accept the plea, he may very well walk out of this courtroom with a sentence of not less than twenty-five years nor more than fifty years."

On December 23, 1975, after review of a pre-sentence report, the court sentenced appellant to ten to twenty years imprisonment on the third-degree murder count. The court did not follow the Commonwealth's recommendation of two and one-half to five years on each count of aggravated assault. Rather, still acting on the assumption that felonious aggravated assault was charged, the court imposed sentences of three to six years on three counts of felonious aggravated assault. Thus appellant's sentence totalled a term of imprisonment of nineteen to thirty-eight years, three years in excess of the maximum sentence consistent with the offenses charged by the grand jury but twelve years less than what the court thought was the lawful maximum.

Upon the conclusion of sentencing, the court advised appellant of his appellate rights but no appeal followed. Appellant eventually filed a pro se petition for relief under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., formerly 19 P.S. § 1180-1 et seq. The court appointed new counsel, who in turn filed the present amended PCHA petition as well as the present petition to withdraw the guilty plea.

In the petitions prepared by newly-appointed counsel, appellant alleged that he had requested his guilty plea

counsel to file an appeal, but that counsel advised he would no longer represent appellant. Appellant also alleged that public defenders, who had been appointed after guilty plea counsel refused to proceed, failed to carry out appellant's direction to appeal. Thus, appellant alleged, "[a]s a result of the actions of his prior counsel, [he] was denied his right to direct Appeal, or to attempt to Appeal Nunc Pro Tunc." Appellant further alleged that previous counsel provided constitutionally ineffective assistance in failing to supply proper advice at the guilty plea stage.

After an evidentiary hearing, the PCHA court denied relief. The PCHA court concluded that following sentencing appellant was dissatisfied with the length of sentence imposed. Even though appointed, post-sentencing counsel failed to pursue appellant's desire to challenge the sentence, the PCHA court denied all relief, including an appeal, based on its view that appellant's post-sentencing counsel justifiably believed that a challenge to the sentence would lack merit. According to the PCHA court, "[t]here is no evidence that the sentence was in any way illegal." The court considered no other aspect of the quality of representation provided, deeming all other ineffectiveness claims waived under section 3(d) of the PCHA by appellant's failure to take a direct appeal. This appeal followed.

## II

■ The PCHA court erred in making appellant's right to an appeal turn on whether appointed counsel correctly appraised its merit. It is for the accused, not appointed counsel, to decide whether an appeal should be taken. As the American Bar Association Standards Relating to the Administration of Criminal Justice (Criminal Appeals) provides,

> "[c]ounsel has the professional duty to give to the client fully and forcefully an opinion concerning the case and its probable outcome. Counsel's role, however, is to advise. The decision is made by the client."

Std. 21–3.2 Commentary (2d ed. 1978). In accord is Standard 21–2.2(b): "While counsel should do what is needed to inform and advise defendant, the decision whether to appeal, like the decision whether to plead guilty, must be the defendant's own choice." See Pa.Const. art. V, § 9; *Commonwealth v. Cathey*, 477 Pa. 446, 384 A.2d 589 (1978); *Commonwealth v. Jones*, 447 Pa. 228, 286 A.2d 892 (1971); *Commonwealth ex rel. Robinson v. Myers*, 427 Pa. 104, 233 A.2d 220 (1967); Comment, Criminal Waiver: The Requirement of Personal Participation, Competence and Legitimate State Interest, 54 Calif.L.Rev. 1262 (1966). Here, therefore, we treat the present proceeding as a timely appeal challenging the judgment of sentence imposed. See *Commonwealth v. Alston*, 473 Pa. 40, 373 A.2d 741 (1977).

■ The record is clear that the PCHA court erred in concluding that the sentence imposed was within permissible statutory limits. The sentencing court imposed consecutive sentences of three to six years imprisonment on each count of "aggravated assault." The grand jury, however, had indicted appellant only on the misdemeanor grade of aggravated assault, 18 Pa.C.S. § 2702(a)(4), punishable at most by imprisonment not to exceed five years per count. Thus, "[i]n essence, appellant was sentenced on an offense construed in the courtroom and not upon a bill returned by the Grand Jury." *Commonwealth v. Bruce*, 230 Pa.Super. 507, 510, 326 A.2d 628, 629 (1974). Appellant is entitled to relief from the invalid sentence imposed on the aggravated assault charges.

### III

Our conclusion that the sentence imposed is unlawful necessitates a remand for imposition of a proper sentence on aggravated assault. We leave undisturbed the sentence imposed on the homicide conviction.

In addition, on remand the court must consider appellant's remaining claims of ineffective assistance of counsel. For here, contrary to the conclusion of the PCHA court, there has been no waiver of these claims. Section 3(d) of the

PCHA requires a party seeking PCHA relief to prove "[t]hat the error resulting in his conviction and sentence has not been . . . waived." For PCHA purposes, however, an issue is "waived" if:

> "(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and
>
> (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue."

In *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975), we held that, where trial counsel represents a PCHA petitioner on appeal, the issue of trial counsel's ineffectiveness is not waived under the PCHA if not raised on direct appeal. "[I]t is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness. . . ." 460 Pa. at 100, 331 A.2d at 438. And, in harmony with *Dancer*, we have held that no waiver of a claim of trial counsel's ineffectiveness occurs if the PCHA petitioner, represented by trial counsel, pursues no appeal. *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976). "[I]t is similarly unrealistic to expect counsel to file motions and/or an appeal challenging his own ineffectiveness." Id., 467 Pa. at 469, 359 A.2d at 371.

Thus where, as here, there has been no realistic opportunity for appellant to raise the issue of previous counsel's ineffectiveness, the issue is not waived. Appellant is entitled to an opportunity to be heard on his remaining claims of ineffective assistance of counsel. For appellant to obtain relief he must establish that the ineffectiveness claimed and proven induced his plea of guilty. See *Commonwealth v. Jones*, supra; *Commonwealth v. Marsh*, 440 Pa. 590, 271 A.2d 481 (1970).

Accordingly, the order is affirmed insofar as it sustains the judgment of sentence imposed on the homicide conviction. The order sustaining judgment of sentence on the

aggravated assault convictions is vacated and the record is remanded for imposition of proper sentencing. On remand, the court shall make appropriate inquiry into appellant's remaining, undecided claims of ineffective assistance.

Order affirmed in part and vacated in part and record remanded.

FLAHERTY, J., joins in this opinion and files a concurring opinion.

KAUFFMAN, J., joins in this opinion and the concurring opinion of FLAHERTY, J.

FLAHERTY, Justice, concurring.

I join in the majority opinion for the following reasons. In *Commonwealth v. Dancer*, 460 Pa. 95, 99, 331 A.2d 435, 438 (1975), we stated:

> Our Post Conviction Hearing Act and the principles of judgment finality mandate that claims of ineffectiveness of counsel may be raised in PCHA proceedings 1) where petitioner is represented on appeal by his trial counsel, for it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness, 2) where the petitioner is represented on appeal by a new counsel, but the grounds upon which the claim of ineffective assistance are based do not appear in the trial record, 3) where the petitioner is able to prove the existence of other "extraordinary circumstances" justifying his failure to raise the issue, Post Conviction Hearing Act, § 4(b)(2), 19 P.S. § 1180–4(b)(2) (Supp.1974) or 4) where the petitioner rebuts the presumption of "knowing and understanding failure," Post Conviction Hearing Act § 4(c), 19 P.S. § 1180–4(c) (Supp.1974).

As this summary of the Post Conviction Hearing Act indicates, when a P.C.H.A. petitioner raises the ineffectiveness of counsel for the first time in his P.C.H.A. petition, not having raised ineffectiveness on direct appeal, his claim is waived unless he can establish (1) "extraordinary circumstances" or (2) the absence of "knowing and understanding failure" to take an appeal.

Petitioner must be permitted to raise his claims of ineffectiveness at P.C.H.A. in this case inasmuch as the record establishes both the existence of extraordinary circumstances and the absence of knowing and understanding failure to take an appeal. Petitioner was sentenced on December 23, 1975. On January 14, 1976 he wrote to his guilty-plea counsel as follows:

> I am writing at this time to ask you to inform the court that I do wish to appeal my sentence .... I realize that these are only technicalities, but wish to follow up on them and any other such details to present on my appeal.

An appeal was never filed. The failure to appeal, therefore, was not "knowing and understanding." Further, the failure of counsel to appeal in these circumstances constitutes "extraordinary circumstances."

KAUFFMAN, J., joins in this concurring opinion.