473 A.2d 185

COMMONWEALTH of Pennsylvania

v.

Garland J. ELAM, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 7, 1983.

Filed March 16, 1984.

512

Robert S. Robbins, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, MONTGOMERY and CERCONE, JJ.

BROSKY, Judge:

This is an appeal from the order dismissing appellant's Post Conviction Hearing Act (PCHA)[1] petition after a hearing. Appellant contends that trial counsel was ineffective for failing to: (1) attack the validity of a line-up identification; (2) obtain film from a bank camera; (3) have bullets taken from appellant's home suppressed; and (4) object to

1. 19 P.S. § 1180–1 et seq. transferred to 42 Pa.C.S.A. § 9541 et seq.

the introduction of the bullets at trial.[2]  We disagree and, accordingly, affirm the order of the lower court.

We accept the history of the case stated in appellee's brief as follows:

This case is entering its twelfth year of litigation.  Its long history began on May 12, 1971, when the victim, Anthony Norris, was unlocking the door of his truck parked at the northwest corner of Ridge and Susquehanna Avenues in Philadelphia.  Norris noticed defendant and an accomplice standing behind his truck.  A few seconds later, defendant was standing next to Norris, holding a gun to his face.  Then, while his cohort rifled Norris' pockets, taking two wallets, defendant shot the victim in the left forehead.  The gun was close enough to leave powder burns on Norris' face.  Norris was hospitalized for twelve days and could not work for three months.

The next day, May 13, 1971, defendant presented a check in the victim's name for cashing at the First Pennsylvania Bank, where a teller, Phyllis Hudgins, recognized the check as being on the bank's stolen checks list.  As she was taking the check to the bank manager, Hudgins turned and saw defendant running out the door.  During her encounter with defendant, she had been only two or three feet from him.

Defendant was arrested on May 14, 1971.  Small caliber bullets similar to the one used against the victim were found in his home, and he was positively identified in a line-up by the bank teller.

A pre-trial motion to suppress statements, physical evidence, and a photographic identification by the victim was heard February 4, 1972, by the Honorable Ethan Allen Doty and denied on March 15, 1972.  Defendant was tried April 20, 1972, before the Honorable Juanita Kidd Stout, sitting without a jury, and was found guilty of assault and battery with intent to murder, aggravated

2. Although appellant arranged his argument with two sections he actually presents four independent grounds in support of one general claim of ineffective assistance of trial counsel.

robbery, and carrying a firearm without a license. After denying post-trial motions, Judge Stout sentenced defendant to a total of thirteen and a half to seventeen years in prison.

Defendant then appealed to the Superior Court, which affirmed the judgment of sentence *per curiam*. *Commonwealth v. Elam*, 228 Pa.Superior Ct. 753 [312 A.2d 797] (1973). On April 4, 1974, the Pennsylvania Supreme Court reversed and granted defendant a new trial. *Commonwealth v. Elam*, Allocatur Docket No. 1276.

Up to this point in the proceedings, defendant was represented by the Public Defender's Association of Philadelphia. Defendant then retained private counsel on April 29, 1974, to represent him at his new trial.

Before this trial, defendant filed a motion to suppress the victim's photographic identification and the bank teller's line-up identification. The late Honorable Merna Marshall heard this motion on May 31, 1974, and denied it. At the suppression hearing, the assigned detective testified that, prior to being placed in the line-up, defendant was advised of his right to be represented by counsel at the line-up, and signed a waiver of this right. The signed waiver was introduced at the hearing and defendant's counsel examined it.

On July 15–18, 1974, defendant was retried before the Honorable Angelo A. Guardino and a jury. Defendant was convicted on Bills No. 417 (assault and battery with intent to murder, assault and battery, and aggravated assault and battery) and 448 (aggravated robbery). Post-trial motions were denied, and on May 2, 1975, defendant was again sentenced to thirteen and a half to twenty-seven years of imprisonment.

Defendant appealed to the Superior Court. It affirmed the judgment of sentence *per curiam*. *Commonwealth v. Elam*, 238 Pa.Superior 740 [357 A.2d 182] (1976). Defendant's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on June 1, 1976.

*Commonwealth v. Elam,* Allocatur Docket No. 2399 (1976).

Nearly three years later, on February 20, 1979, defendant filed a *pro se* P.C.H.A. petition, alleging ineffective assistance of his privately retained counsel. On May 15, 1979, new counsel was appointed for defendant, his third attorney in this case. On February 26, 1981, an evidentiary hearing was held before the Honorable Edward J. Blake. Defendant's petition was denied on March 18, 1982. This appeal followed.

■■■■ Appellant first contends that trial counsel was ineffective for not attacking the line-up as having tainted the in-court identification because he was not given legal representation there.[3] Appellant acknowledges that counsel unsuccessfully attempted to suppress the identification, but not on this ground. Counsel will be found to have been effective as soon as it is determined that his decision had *some reasonable basis* designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Contrary to appellant's brief and his testimony at the PCHA hearing, the record reveals that appellant was not represented by counsel at the line-up because he had executed a waiver of that right. The waiver form was introduced at the suppression hearing and examined by trial counsel. It thus would have been frivolous for counsel to have attacked the line-up on a lack of representation ground. Counsel may not be held ineffective for failing to pursue a frivolous course of action. *Commonwealth v. Shore,* 487 Pa. 534, 410 A.2d 740 (1980).[4] Thus, we find no merit to appellant's first issue.

3. The issue of trial counsel's effectiveness is properly before us since this is the first stage of the proceedings that appellant has been represented by counsel other than trial counsel. See *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

4. Assuming *arguendo,* that the line-up was tainted, we still do not believe appellant would prevail. He appears to be laboring under the misapprehension that the victim identified appellant at the line-up. However, the record shows that the only witness who identified appellant was the bank teller. Her in-court identification almost

Appellant's second contention is that trial counsel was ineffective for failing to obtain film from a bank camera portraying events on May 13, 1971. He testified at the PCHA hearing that he had informed counsel that he believed this film would exculpate him by proving that it was not he who had attempted to cash the victim's check.

■ The defendant bears the burden of proof in a PCHA hearing. *Shore, supra.* The only evidence presented concerning the bank film aside from appellant's testimony was a stipulation to the testimony of the bank's security coordinator. She would have testified that, while a camera had been in operation, she did not know whether the transaction in question had been filmed, but that even if it had been, it would have been destroyed at the end of three years.

■ Based on this evidence, we believe appellant failed in two respects to carry his burden of proving counsel ineffective. First, he did not prove that a film of the events ever existed. Certainly, counsel cannot be held ineffective for failing to obtain the film if it never existed. Second, trial counsel did not enter his appearance until April 29, 1974. Assuming, *arguendo,* that the film had ever existed, it would have been destroyed by May 13, 1974. Appellant did not establish in his testimony, the date upon which he allegedly requested trial counsel to investigate the possible existence of the film. Thus, appellant failed to prove that any request he might have made was prior to the date by which the film, had it ever existed, would have been destroyed. Again, we will not find counsel ineffective for not following a course of action which would have been frivolous.[5] Therefore, appellant's second issue merits no relief.

certainly had a basis independent of the line-up. Thus, again, any challenge to the conduct of the line-up would have been frivolous. *See Commonwealth v. Brown,* 489 Pa. 285, 414 A.2d 70 (1980).

5. We note that appellant was not tried for a crime in the bank for which the teller's identification would have been necessary. Even had a bank film revealed that someone else had presented the victim's check, there remained overwhelming evidence of his guilt, particularly in light of the fact that the robbery was committed by two men.

■ Appellant next contends that trial counsel should have moved to suppress bullets taken from appellant's home when he was arrested because they were outside the scope of the search warrant. However, it would have been frivolous for counsel to so move, because this issue had been litigated in a suppression hearing before appellant's first trial.

> [W]here the legality of a search and seizure [has] already been litigated in another case in which the defendant was a party, it [does] not have to be relitigated in a subsequent case. This holding, of course, is subject to the caveat that if the defendant alleges new facts tending to show that the seizure was in fact illegal, then another suppression hearing is required.

*Commonwealth v. Bastone*, 262 Pa.Super. 590, 598, 396 A.2d 1327, 1331 (1979) (citations omitted). Appellant did not allege that there had been any new facts requiring a new suppression hearing and, thus, did not show that he had been entitled to one. Therefore, counsel was not ineffective in failing to move to suppress the bullets. See *Shore, supra.*

■ Appellant's final contention is that trial counsel should have objected to the introduction at trial of the bullets on the ground that they were irrelevant because they were of a different caliber than the bullet which struck the victim. Again, appellant has apparently misperceived the record. Counsel did, indeed, object to the bullets on relevancy grounds and was overruled. Thus, he certainly cannot be held ineffective for not doing so. In any event, the evidence at trial established that: the robber's gun was of a small caliber; the gun itself was never recovered; and the bullet fired during the robbery was too distorted to be typed. We conclude, therefore, that the bullets were certainly relevant to imply that appellant possessed a small caliber gun and thus link him to the robbery. Therefore, even had counsel not objected to the bullets on the ground of relevancy, such failure would not have constituted ineffectiveness, since the claim was not of arguable merit.

Finding no merit to any of appellant's contentions, we must affirm the order of the lower court. Order affirmed.