564 A.2d 975

**COMMONWEALTH of Pennsylvania**

v.

**James Wesley MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 7, 1989.

Filed Sept. 25, 1989.

Sanford A. Krevsky, Harrisburg, for appellant.

Joseph A. Curcillo, III, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before TAMILIA, POPOVICH and HESTER, JJ.

TAMILIA, Judge:

On October 14, 1968, appellant shot and killed Mrs. Mattie Moore. He was found guilty of first degree murder[1] after a jury trial and sentenced to life imprisonment on January 2, 1970. Appellant has since filed five petitions under the Post Conviction Hearing Act (PCHA), the most recent filed on March 18, 1987.[2] On January 24, 1989, the Honorable Sebastian D. Natale denied appellant's latest petition without a hearing, and this appeal followed.

On appeal, appellant argues trial counsel was ineffective for failing to object to the introduction of damaging evidence and not seeking cautionary instructions from the trial court. Further, he argues all prior appellate counsel were ineffective in failing to preserve the ineffectiveness of trial counsel. In addition, appellant claims the prosecution introduced "perjured or obviously false testimony."

As to appellant's now familiar and previously litigated PCHA claim of ineffectiveness of counsel, the threshold

---

1. 18 Pa.C.S. § 2502(a).

2. Effective April 13, 1988, the Pennsylvania Legislature repealed in part and subsequently modified in part the Post Conviction Hearing Act, renaming it the Post Conviction Relief Act (PCRA). Act of April 13, 1988, No. 47 § 3, 1988 Pa.Legis.Serv. 227, 42 Pa.C.S. §§ 9541–9546. Since the new act applies to all actions for collateral relief instituted on or after the effective date, appellant's latest petition must be analyzed under the former act. Also, as a matter of clarity, appellant has filed four petitions under the PCHA and one amended PCHA petition, pursuant to a March 2, 1984 judgment by this Court, reversing the dismissal of the petition by the hearing court.

issue remains whether this Court should even consider the merits of this appeal in light of the recent Supreme Court decision in *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988), wherein the Court stated, "We therefore conclude that a second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Id.*, 519 Pa. at 513, 549 A.2d at 112.

◼ Appellant's ineffectiveness claims have been raised in each of his PCHA petitions, albeit on different grounds. Our review of these issues is subject to the prior PCHA statute providing for finality of criminal matters:

**§ 9544. When an issue is finally litigated or waived**

**(a) Issues finally litigated.**—For the purpose of this subchapter, an issue is finally litigated if:

(1) It has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling.

(2) The Superior Court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to avail himself of further appeals.

(3) The Supreme Court has ruled on the merits of the issue.

**(b) Issues waived.**—For the purposes of this subchapter, an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter.

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

**(c) Presumption.**—There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

42 Pa.C.S. § 9544(a), (b), (c) (repealed).

■ In a memorandum filed January 31, 1986 affirming an Order of the hearing court denying appellant's fourth request for PCHA relief, this Court found appellant's ineffectiveness claims to have been finally litigated as either considered in previous PCHA petitions and found to be without merit, or as presented for the first time in the fourth PCHA proceeding and waived for not being raised at the first available opportunity. We again conclude the issues of ineffectiveness of trial and appellate counsel raised by appellant in his latest PCHA petition have been "finally litigated"—appellant offers no proof to rebut the presumption of section 9544(c). Nor does appellant attempt to justify his failure to raise *all* of his claims in the first petition. Ineffectiveness of trial counsel must be raised at the first opportunity at which the counsel whose effectiveness is being challenged no longer represents the defendant. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

> We hold today that the mere assertion of ineffective assistance of counsel is not sufficient to override the waiver and "finally litigated" provisions in the P.C.H.A., as to permit the filing of repetitive or serial petitions under the banner of that statute. A repetitive or serial petition may be entertained only for the purpose of avoiding a demonstrated miscarriage of justice, which no civilized society can tolerate.

*Lawson, supra* 519 Pa. at 513, 549 A.2d at 112 (footnote omitted).

■ In the case at bar, there has been no showing of prejudice to appellant, and the actions at trial complained of are without merit. As the hearing court stated, cautionary instructions were inappropriate, as the record indicates the witnesses had adequate opportunity to identify appellant and testify to events they witnessed. (Slip Op., Natale, J.,

1/24/89, pp. 2–3.) Moreover, we find no basis for appellant's unsubstantiated allegation of prosecution use of "perjured or obviously false" testimony. The asserted perjury was merely the minor inconsistencies found among witnesses in almost all cases. The trial court properly instructed the jury it could believe all, part or none of each witness' testimony.

Appellant has failed to make a *prima facie* showing a miscarriage of justice may have occurred and this fifth PCHA petition was dismissed correctly without a hearing. As recognized by this Court when we previously denied appellant relief on prior appeals, "where it is clear that allegations of ineffectiveness of counsel are baseless or meritless then an evidentiary hearing is unnecessary and the unfounded allegations should be rejected and dismissed." *Commonwealth v. Clemmons*, 505 Pa. 356, 361, 479 A.2d 955, 957 (1984).

Based upon our careful review of the record, we now assume appellant, in the almost 20 years since his conviction, has exhausted all possible avenues under the PCHA and no further PCRA petitions should be entertained by the trial court. Should an eighth counsel be assigned to review claims by appellant, it is inconceivable that a petition to withdraw would not be requested and then granted, pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), because any further collateral petitions for relief would be frivolous and should only be pursued pro se or with privately retained counsel. *Id.*[3]

Order affirmed.

POPOVICH, J., concurs in the result.

---

**3.** Our review of the record reveals the following appeals which were filed by appellant through the years. Relief was denied on four of the five appeals. The only relief appellant ever received was permission to amend his fourth PCHA petition because issues therein had not been finally determined in prior *counseled* proceedings. Following amendment relief was denied.

IN SUPREME COURT

*Commonwealth v. Miller*, 445 Pa. 282, 284 A.2d 739 (1971); judgment of sentence affirmed December 20, 1971.

12

*Commonwealth v. Miller,* 469 Pa. 370, 365 A.2d 1251 (1976); Order dismissing application for writ of habeas corpus affirmed November 24, 1976.

*Commonwealth v. Miller,* 474 Pa. 170, 377 A.2d 1268 (1977); Order denying PCHA relief without a hearing affirmed October 7, 1977.

IN SUPERIOR COURT

*Commonwealth v. Miller,* 325 Pa.Super. 163, 472 A.2d 698 (1984); case remanded March 2, 1984 for filing of amended PCHA petition.

*Commonwealth v. Miller,* 354 Pa.Super. 628, 508 A.2d 341 (1986); Order denying PCHA relief without a hearing affirmed January 31, 1986; allocatur denied December 10, 1986.