J-A23043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSHUA BOOZE :
:
Appellant : No. 809 EDA 2020

Appeal from the PCRA Order Entered February 20, 2020
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001800-2005

BEFORE: KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED DECEMBER 02, 2020**

Joshua Booze (Booze) appeals the order of the Court of Common Pleas

of Lehigh County (PCRA court) dismissing his petition for relief under the Post-

Conviction Relief Act (PCRA).[1] His two central claims are that (1) he was

erroneously denied credit for time served on his sentence, and (2) his trial

counsel was ineffective in failing to object to an improper sentencing

enhancement. Because the petition was untimely, non-cognizable under the

PCRA or otherwise meritless, the order on review must be affirmed.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

**I.**

In May 2003 and March 2004, a New Jersey court sentenced Booze to prison terms of three years and two to five years, respectively, for drug and weapon related offenses. Booze was still serving those sentences when, on April 20, 2005, he was transferred from New Jersey to Pennsylvania to stand trial on numerous felony offenses that had taken place in Lehigh County.

The trial in Lehigh County established that Booze and his three accomplices broke into a home and held a family at gunpoint in order to rob them. *See* Trial Transcript, 7/12/2006, at pp. 50-63.[2] On July 13, 2006, Booze was found guilty of burglary, robbery, conspiracy, theft and false imprisonment. He was sentenced on September 11, 2006, to an aggregate prison term of 23 to 46 years, with credit for all time served. This sentence included a statutory enhancement on the burglary count based on the use of a deadly weapon, increasing the sentencing range from 24-36 months to 42-54 months.

On September 21, 2006, the proceedings in Pennsylvania concluded and Booze was transferred back to New Jersey to complete his New Jersey sentences. On December 22, 2006, at the conclusion of those New Jersey prison terms, Booze was returned to Pennsylvania, where he has since

---

[2] All the facts presented in this memorandum are gleaned from the certified record.

remained. These interstate transfers of custody were carried out pursuant to the Interstate Agreement on Detainers, 42 Pa.C.S. § 9101.[3]

Booze appealed the judgment of sentence in his Pennsylvania case and it was affirmed on July 25, 2008. *See Commonwealth v. Booze*, 953 A.2d 1263 (Pa. Super. 2008). He timely filed a PCRA petition on March 6, 2009, and the petition was granted in part on December 9, 2009. Another PCRA petition was filed approximately one year later and it was denied on September 15, 2011.

Booze filed his most recent PCRA petition on December 13, 2019, *pro se*. He sought to compel the Pennsylvania Department of Corrections to grant him credit for all time he served while in the custody of Pennsylvania, including a period between April 20, 2005, and September 22, 2006. Further, he asserted that his trial counsel was ineffective because he did not object to the imposition of a weapon enhancement as to the robbery count. Booze claimed that his sentence was improperly enhanced in this manner because he was

---

[3] At Booze's sentencing in Lehigh County, the trial court explained to him "[t]here are some circumstances on which out of state time [is] accredited toward you, and there are certain circumstances under which they are not." Sentencing Transcript, 9/11/2006, at p. 13. The trial court was clear that although Booze would get credit for time spent in custody on his Pennsylvania case, the Department of Corrections would have to make the calculations as to which periods of detention in New Jersey and Pennsylvania would be considered Pennsylvania custody for the purposes of his Pennsylvania sentence. *See id*. The trial court also told Booze that if he disagreed with any of those calculations, there would be "mechanisms to challenge that." *Id*.

not found to have used a weapon. Booze also sought the appointment of PCRA counsel.

As to the weapon enhancement claim, Booze stated that he could not have discovered the grounds for the claim sooner because of mental health issues and lack of access to recent case law that entitled him to relief. According to Booze, he only learned that his sentence was illegal when a clerk at his prison's law library notified him of a recent opinion, **Commonwealth v. Swift**, 886 WDA 2018 (Pa. Super. April 24, 2019), where we held that a "use" weapon enhancement claim could not be imposed where a weapon is only possessed by the perpetrator during an offense. Moreover, Booze argued that the credit time issue was not subject to any time restrictions because the PCRA court and Department of Corrections are bound to enforce his right to credit time that had already been granted.

The PCRA court summarily denied the petition and PCRA counsel was not appointed.[4] The PCRA court also explained in its opinion that the reasons given for Booze's delay in filing the subject petition were insufficient to satisfy any exceptions to the PCRA's time-bar. **See** PCRA Court Opinion, 2/20/2020, at 4-5. Nonetheless, the PCRA court had ordered the Clerk of Courts of Lehigh County to complete a time credit calculation that confirmed that Booze had

_____

[4] Prior to the dismissal, the PCRA court timely filed notice of its intent to dispose of the petition without a hearing and Booze filed a response. **See** Pa.R.Crim.P. 907.

received all credit he was entitled to on the Pennsylvania sentence. **See** PCRA

Court Order, 1/21/2020, at 5.

Booze timely appealed. In his appellate brief, he now raises the

following issues:

> 1. Did the [PCRA court] commit an error of law by failing to abide by its own written and oral Orders that [Booze] be GRANTED credit for time spent in Pennsylvania custody "as a result of criminal charges" in this matter?
>
> 2. Did the [PCRA court] commit an error of law by failing to grant credit to [Booze] for time spent in custody pursuant to Article V(f) of the Agreement on Detainers, 42 Pa.C.S. § 9101;
>
> 3. Did the [PCRA court] commit an error of law when it contended that [Booze] has failed to raise a timeliness exception to the PCRA [as to his credit time and weapon enhancement claims]?
>
> 4. Did the [PCRA court] commit an error of law when it failed to appoint counsel to represent [Booze] after it determined that there existed sufficient issues of material fact to consider [Booze's] time credit claim, by ordering the Clerk of Courts to perform a credit calculation?
>
> 5. Did the [PCRA court] commit an error of law when it failed to provide [Booze] with a copy of the Clerk of Court's credit calculation, pursuant to its January 21, 2020 Order, prior to dismissing [Booze's] petition?

Appellant's Brief, at iv (renumbered, suggested answers omitted).

## II.

## A.

We agree with the PCRA court that Booze's PCRA petition was untimely.[5] A PCRA petition must be filed within one year from the date that the petitioner's judgment of sentence became final. **See** 42 Pa.C.S. § 9545(b)(1). If filed outside of that period, the petitioner has the burden of satisfying an exception to the PCRA's jurisdictional time-bar. **See Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007) ("The PCRA timeliness requirement . . . is mandatory and jurisdictional in nature."); **see also** 42 Pa.C.S. § 9545(b)(1).

The PCRA enumerates three exceptions to its time-bar, including the ground of after-discovered evidence, which Booze asserts here as to his weapon enhancement claim. Under that provision, the time-bar does not apply if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). Such a claim must be filed within one year from the date it could have been raised. **Id**. at §9545(b)(2).

---

[5] The standard of review when examining a PCRA court's denial of relief is limited to determining whether the court's findings are supported by the record and free from legal error. **See Commonwealth v. Carpenter**, 725 A.2d 154, 159-60 (Pa. 1999). The scope of review is limited to the findings of the PCRA court and evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the Commonwealth, as the prevailing party. **See Commonwealth v. Steele**, 961 A.2d 786, 820 (Pa. 2008).

In this case, Booze's judgment of sentence became final on December 1, 2010, when our Supreme Court denied discretionary review of this Court's affirmance. From that point, Booze had 90 days to file a petition of writ of certiorari to the United States Supreme Court. *See* Sup. Ct. R. 13. He then had until March 1, 2012, to file a timely petition. *See* 42 Pa.C.S. § 9545(b)(3).

The subject petition was filed well after that date, on December 13, 2019. For his time credit issue, Booze made no attempt to satisfy an exception to the PCRA's time-bar, simply arguing that none was needed because the Department of Corrections only had to recognize credit time that the sentencing court had already granted. To the extent that Booze asserted a miscalculation as grounds for PCRA relief, even if cognizable, the claim would be barred as untimely.

As to the weapon enhancement issue, Booze attempts to satisfy the after-discovered evidence exception by establishing that his poor mental health and limited access to legal materials hindered him from discovering the illegality of his sentence. He also states that he was only recently alerted to a new decision entitling him to relief, *Commonwealth v. Swift*, 886 WDA 2018 (Pa. Super. April 24, 2019) (unpublished memorandum), which holds that a "use" weapon enhancement is unlawful if only possession of a weapon has been proven.

The assertion that Booze's claim was delayed by mental health issues does not satisfy the exception. The facts on which the claim are based concern

whether Booze was armed at the time of a robbery and whether a sentence could be enhanced due to use of a deadly weapon. Booze's alleged mental incompetence and limited access to legal materials did not hinder his ability to assert the factual basis of his PCRA claim at trial, direct appeal or a timely PCRA petition (which he did not do).

Further, Booze's reliance on **Swift** fails to qualify as after-discovered evidence because judicial decisions are not in themselves new facts. **See Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011) (holding that opinion does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA . . . [which] applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence[.]"); **Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012) (same). Thus, the PCRA court properly dismissed the PCRA petition as untimely.

**B.**

Even if Booze's petition was timely, it would be of no avail. First, with respect to the enhancement issue, Booze's claim would fail on the merits. The applicable statute defines "use" as employing a deadly weapon "in a way that threatened or injured another individual[.]" 204 Pa. Code §303.10(a)(2); **see also Commonwealth v. Shull**, 148 A.3d 820, 832 (Pa. Super. 2016) (holding that defendant's "mere possession of a gun transcended to his use of the gun"

when he removed it from under his clothing and pointed it at a victim's face during a robbery).

At trial, the evidence established that Booze and three other perpetrators held a family at gunpoint during a robbery, which qualifies as "use" of a deadly weapon for enhancement purposes. Since the enhancement was applicable, Booze's trial counsel could not have been ineffective in failing to challenge its applicability. *See Commonwealth v. Elam*, 473 A.2d 185, 187 (Pa. Super. 1984) ("Counsel may not be held ineffective for failing to pursue a frivolous course of action.").

## C.

On the time credit issue, because the Department of Corrections has a non-discretionary duty to apply credit for time served, the PCRA does not afford a remedy for an incorrect calculation of minimum-maximum sentences. The calculation is made initially by the Department of Corrections in accordance with statutory requirements. If Booze can establish that the Department of Corrections improperly calculated his sentence, then his remedy is to file an original action in the Commonwealth Court asserting that the calculation was improper. *See Commonwealth. v. Heredia*, 97 A.3d

392, 394-95 (Pa. Super. 2014); **see also Commonwealth v. Perry**, 563 A.2d 511, 512-13 (Pa. Super. 1989).[6]

## III.

Finally, Booze has argued that the PCRA court erred in denying him counsel after he filed the subject petition *pro se*. However, an indigent PCRA petitioner is only entitled to the appointment of counsel when filing his *first* petition for PCRA relief. **See Commonwealth v. Evans**, 866 A.2d 442, 444–46 (Pa. Super. 2005); Pa.R.Crim.P. 904(C). Booze's most recent petition is his fourth, so the PCRA court did not err in denying him counsel. **See Commonwealth v. Kubis**, 808 A.2d 196, 200 (Pa. Super. 2002) (court did not err in appointment counsel because "no such right exists for subsequent PCRA petition[.]").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/20

---

[6] Booze claims further that the PCRA court erred by denying his petition before he was given a copy of a new credit calculation from the Clerk of Courts depriving him of a chance to point out discrepancies in the calculation. However, since the PCRA court had no jurisdiction to consider the underlying merit of the credit time claim, any such claims of procedural error do not warrant PCRA relief.