48 A.3d 1220

**COMMONWEALTH of Pennsylvania, Respondent**

v.

**Christopher VANISTENDAEL, Petitioner.**

Supreme Court of Pennsylvania.

July 16, 2012.

## ORDER

PER CURIAM.

**AND NOW,** this 16th day of July, 2012, the Petition for Allowance of Appeal is **GRANTED,** the order of the Superior Court is **VACATED,** and the matter is **REMANDED** to the Court of Common Pleas of Venango County to determine whether petitioner would have wished to file a direct appeal had counsel consulted him. *See Roe v. Flores–Ortega,* 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (counsel has constitutionally imposed duty to consult with defendant when there is reason to think rational defendant would want to appeal or that particular defendant reasonably demonstrated to counsel he was interested in appealing); *id.,* at 484, 120 S.Ct. 1029 (to show prejudice, petitioner must demonstrate reasonable probability that, but for counsel's deficient failure to consult with him about appeal, he would have timely appealed); *Commonwealth v. Hertzog,* 492 Pa. 632, 425 A.2d 329, 332–33 (1981) (while counsel should do what is necessary to advise defendant, decision to appeal must be defendant's own choice).

Jurisdiction relinquished.