J-S54039-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       : PENNSYLVANIA
                                       :
           v.                        :
                                       :
                                     :
JIMMY JOE AXELROD             :
                                     :
          Appellant           : No. 460 WDA 2018

Appeal from the Judgment of Sentence November 9, 2017
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000537-2016

BEFORE: PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:             FILED OCTOBER 11, 2018

Jimmy Joe Axelrod (Appellant) appeals from the judgment of sentence imposed after a jury found him guilty of aggravated indecent assault, aggravated indecent assault of a complainant less than 13 years of age, indecent assault of a complainant less than 13 years of age, and endangering the welfare of children.[1] We affirm.

The victim alleged that sometime in either June or early July 2015, she and her brother spent the night at Appellant's home in Farrell, Pennsylvania. That night, while the victim and Appellant were watching a movie, and her brother was asleep on the floor, Appellant put his hands down the victim's pants and underwear and placed his fingers on and in the victim's vagina for approximately two minutes. The victim alleged that she told Appellant to stop

_____

[1] 18 Pa.C.S.A. §§ 3125(a)(1), (7), 3126(a)(7), 4304(a)(1).

and tried to get up and leave the room, but that Appellant would not stop or let her off of the couch. The victim was 7 years old at the time.

The victim did not tell anyone that Appellant had sexually assaulted her until January 2016, when the victim told her second grade teacher that she was afraid of Appellant because he had done bad things to her during the previous summer, including putting his hands down her pants. The school reported the victim's allegations of sexual abuse to the Mercer County Office of Children and Youth. On February 4, 2016, the Farrell Police Department received a report regarding the victim's allegation of sexual abuse by Appellant. On February 5, 2016, Derek Stotsky, a child specialist forensic interviewer spoke with the victim at which time the victim again recounted the same allegation of abuse against Appellant.

On May 20, 2016, the Commonwealth charged Appellant with aggravated indecent assault, aggravated indecent assault of a complainant less than 13 years of age, indecent assault of a complainant less than 13 years of age, endangering the welfare of children, and aggravated indecent assault – forcible compulsion. On March 22, 2017, Appellant filed a pro se motion to waive counsel and a waiver of counsel form. On March 30, 2017, following a Grazier hearing,[2] the trial court granted Appellant's request to proceed pro se, concluding that Appellant knowingly, voluntarily, and intelligently waived

_____

[2] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

his right to counsel. The trial court appointed a member of the Mercer County Public Defender's Office as standby counsel.

On May 17, 2017, a jury found Appellant guilty of aggravated indecent assault, aggravated indecent assault of a complainant less than 13 years of age, indecent assault of a complainant less than 13 years of age, and endangering the welfare of children, but acquitted him of aggravated indecent assault – forcible compulsion. On November 9, 2017, the trial court sentenced Appellant to an aggregate term of 54 months to 108 months of incarceration. The same day, Appellant, through counsel, filed a motion for judgment of acquittal in which he asserted that the Commonwealth failed to present evidence that a single criminal act occurred during the time period charged in the criminal information because he was incarcerated from June 10, 2015 through July 4, 2015. On November 13, 2017, the trial court denied the motion.

On November 16, 2017, Appellant filed a post-sentence motion for judgment of acquittal, which alleged that the evidence was insufficient to sustain Appellant's convictions because the jury's verdicts were based on surmise and conjecture. On December 6, 2017, the trial court permitted Appellant to amend his post-sentence motion to include a claim that the jury's verdicts were against the weight of the evidence. On March 9, 2018, the trial court denied Appellant's post-sentence motion as amended. On March 29, 2018, Appellant timely appealed to this Court. Both the trial court and

Appellant have complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

On appeal, Appellant presents the following issues for review:

I.    Whether [Appellant] knowingly, intelligently or voluntarily waived his right to counsel when the trial court improperly instructed him that he did not have the right to request the appointment of new counsel for irreconcilable differences after he asserted a breach of the attorney client privilege, and such failure of the trial court to provide [Appellant] with the proper instruction before accepting his waiver of counsel colloquy resulted in an invalid waiver and a denial of his constitutional right to counsel.

II.   Whether there was insufficient evidence to sustain the verdict when the complainant's testimony describing the date of the offense was contradictory, vague and uncertain, the elements of the crime were embellished, and the sleeping condition of [Appellant] made it impossible for him to engage in a voluntary act, making the evidence produced by the Commonwealth so inherently unreliable that a verdict of guilty could be based on nothing more than mere conjecture or surmise.

III.  Whether the trial court judge abused its discretion in denying [Appellant] a new trial for a verdict against the weight of the evidence when the improper application of the law for failing to instruct [Appellant] of his right to request new counsel, the embellished and contradictory testimony of the complainant, and the uncontroverted testimony that [Appellant] was asleep during the alleged offense resulted in a decision that was capricious, arbitrary, and not based on the foundation of reason.

Appellant's Brief at 12-13.

First, Appellant argues that he was denied his constitutional right to counsel because he did not knowingly, voluntarily, or intelligently waive his right to counsel.  We review a trial court's grant or denial of a defendant's request to proceed pro se for an abuse of discretion.  Commonwealth v. El, 977 A.2d 1158, 1167 (Pa. 2009).  The Pennsylvania Supreme Court has

"defined a court's discretion as the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. An abuse of that discretion is not merely an error of judgment, but . . . [a] manifestly unreasonable . . . result of partiality, prejudice, bias or ill will." Id. (quotations and citation omitted).

In El, the Supreme Court explained,

A criminal defendant's right to counsel under the Sixth Amendment includes the concomitant right to waive counsel's assistance and proceed to represent oneself at criminal proceedings. Faretta v. California, 422 U.S. 806 [] (1975). The right to appear pro se is guaranteed as long as the defendant understands the nature of his choice. In Pennsylvania, Rule of Criminal Procedure 121 sets out a framework for inquiry into a defendant's request for self-representation. Pa.R.Crim.P. 121. Where a defendant knowingly, voluntarily, and intelligently seeks to waive his right to counsel, the trial court, in keeping with Faretta, must allow the individual to proceed pro se. See Commonwealth v. Starr, [] 664 A.2d 1326, 1335 ([Pa.] 1995) (holding that a defendant must demonstrate a knowing waiver under Faretta)[; see also] Commonwealth v. McDonough, [] 812 A.2d 504, 508 ([Pa.] 2002) (concluding that Faretta requires an on-the-record colloquy in satisfaction of Pa.R.Crim.P. 121, which colloquy may be conducted by the court, the prosecutor, or defense counsel.).

The right to waive counsel's assistance and continue pro se is not automatic however. Rather, only timely and clear requests trigger an inquiry into whether the right is being asserted knowingly and voluntarily. . . . Thus, the law is well established that "in order to invoke the right of self-representation, the request to proceed pro se must be made timely and not for purposes of delay and must be clear and unequivocal." Commonwealth v. Davido, [] 868 A.2d 431, 438 [] ([Pa.] 2005).

Id. at 1162-63 (some citations and footnotes omitted).

- 5 -

Rule 121 of the Pennsylvania Rules of Criminal Procedure, which governs the waiver of the right to counsel, provides the following safeguards to ensure that such waiver is done knowingly, voluntarily, and intelligently:

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently

Pa.R.Crim.P. 121(A).

Our review of the record reveals that on March 22, 2017, Appellant filed a motion to waive counsel, in which he specifically requested to represent

himself at trial, and a waiver of counsel form. Additionally, the record reflects that at Appellant's Grazier hearing, the trial court informed Appellant of the requisite factors of Rule 121(A)(2), including: (1) Appellant's right to counsel and to court-appointed counsel in the event he is indigent; (2) the nature of the charges against Appellant; (3) the possible range of sentences that the court may impose should Appellant be convicted of the charged offenses; (4) that if Appellant waives his right to counsel, he would be bound by the normal rules of procedure with which counsel would be familiar; (5) that if Appellant waives his right to counsel, he may waive possible defenses of which counsel could be aware if he does not raise them himself at trial; and (6) that if Appellant waives his right to counsel, he may waive certain rights or objections if he does not timely assert them. N.T., 3/29/17, at 7-11, 14-15. After the trial court's thorough and exhaustive oral colloquy, the court granted Appellant permission to proceed pro se and ordered his appointed counsel to act as standby counsel. Id. at 17-18.

Appellant argues, however, that his waiver of counsel was not knowing, voluntary, and intelligent because the trial court did not advise him that he had the right to petition the court for new counsel. Relying on our Supreme Court's decision in Commonwealth v. Tyler, 360 A.2d 617 (Pa. 1976), Appellant contends that the trial court improperly made him choose between proceeding pro se or with his appointed counsel, whom Appellant alleges breached attorney-client confidentiality. Appellant asserts that the trial court

should have informed him of his right to file a motion for the appointment of new counsel upon learning that Appellant had accused his appointed counsel of breaching the attorney-client privilege.

Appellant's argument is meritless. First, neither the applicable case law nor Rule 121 require a trial court, during a waiver of counsel colloquy, to inform a criminal defendant of his right to motion the court for new counsel. Second, Appellant's reliance on Tyler is misplaced as it is readily distinguishable from this case. In Tyler, the Supreme Court held that the appellant's waiver of counsel was not knowing, voluntary, or intelligent because "[t]he trial court forced [the] appellant . . . to either accept court appointed counsel with whom an irreconcilable difference as to the manner in which the trial should be conducted had arisen, a difference which was corroborated by counsel, or to represent himself." Id. at 620. In this case, however, Appellant did not inform the trial court of his unsupported, uncorroborated allegation that appointed counsel had breached attorney-client confidentiality until after the court had granted him permission to proceed pro se. N.T., 3/29/17, at 18, 19. In response, the trial court ordered another representative of the Mercer County Public Defender's Office to serve as standby counsel. Thus, this was not a case where the trial court imposed upon Appellant the decision of either representing himself or proceeding with appointed representation with whom he had confirmed irreconcilable differences. Indeed, Appellant maintained throughout his motion, his waiver

of counsel form, and colloquy that he desired to represent himself. See id. at 2-3, 17; Motion to Waive Counsel, 3/22/17. Accordingly, we conclude that the trial court did not abuse its discretion in determining that Appellant knowingly, voluntarily, and intelligently waived his right to counsel.

Next, Appellant raises multiple challenges to the sufficiency of the evidence with respect to his convictions. In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

Commonwealth v. Franklin, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted). Importantly, "the jury, which passes upon the weight and credibility of each witness's testimony, is free to

believe all, part, or none of the evidence." Commonwealth v. Ramtahal, 33 A.3d 602, 607 (Pa. 2011).

First, Appellant argues that the Commonwealth failed to prove the date of the offenses beyond a reasonable doubt. The criminal information sets forth the offense date as between June 4, 2015 and July 4, 2015, with the victim having alleged that all offenses occurred on the same day. Appellant asserts that because he was incarcerated from June 10, 2015 through at least July 4, 2015, the evidence was too speculative to prove that he committed the offenses on the dates indicated in the criminal information.

The applicable law provides:

> It is the duty of the prosecution to "fix the date when an alleged offense occurred with reasonable certainty." Commonwealth v. Jette, 818 A.2d 533, 535 (Pa. Super. 2003) (citation omitted). The purpose of so advising a defendant of the date when an offense is alleged to have been committed is to provide him with sufficient notice to meet the charges and prepare a defense. Commonwealth v. Gibbons, [] 784 A.2d 776 ([Pa.] 2001).

> However, "due process is not reducible to a mathematical formula," and the Commonwealth does not always need to prove a specific date of an alleged crime. Commonwealth v. Devlin, [] 333 A.2d 888, 892 ([Pa.] 1975). . . . Permissible leeway regarding the date provided varies with, inter alia, the nature of the crime and the rights of the accused. See Pa.R.Crim.P. 560(B)(3), stating that it shall be sufficient for the Commonwealth to provide in the information, if the precise date of an offense is not known, an allegation that the offense was committed on or about any date within the period fixed by the statute of limitations.

> Commonwealth v. Koehler, 914 A.2d 427, 436 (Pa. Super. 2006). Case law has further "established that the Commonwealth must be afforded broad latitude when attempting to fix the date

of offenses which involve a continuous course of criminal conduct." Commonwealth v. G.D.M., Sr., 926 A.2d 984, 990 (Pa. Super. 2007) (quoting Commonwealth v. Groff, [] 548 A.2d 1237, 1242 ([Pa. Super.] 1988)). This is especially true when the case involves sexual offenses against a child victim. Id.

Commonwealth v. Riggle, 119 A.3d 1058, 1069-70 (Pa. Super. 2015).

The criminal information sets forth the offense date as between June 4, 2015 and July 4, 2015, and while the Commonwealth concedes that Appellant was incarcerated from June 10, 2015 through at least July 4, 2015, this only establishes an alibi for those dates, it does not cover June 4, 2015 through June 9, 2015. The certified record on appeal reveals sufficient evidence to conclude that the crimes occurred sometime between June 4 and June 9, 2015.

The victim testified that Appellant did something "bad" to her while she was at his house sometime after school had ended for the year but before July 4, 2015. N.T., 5/16/17, at 71-73. When the prosecutor asked the victim what "bad thing" Appellant did, she testified that Appellant put his hand down her shorts and underwear and put his fingers into her vagina. Id. at 78, 81. Alana Kendall (Kendall), the victim's second grade teacher, testified that in January 2016, the victim told her that Appellant had done a "bad thing" to the victim (i.e., sexually assaulted her) the previous summer when she spent the night at Appellant's home. Id. at 114. Kendall indicated that the last day of the 2014-2015 school year was June 4, 2015. Id. at 114-15. Additionally, Annette Edwards (Edwards), the victim's grandmother and caretaker,

specifically testified that the victim spent time at Appellant's home in early June 2015 and would sometimes spend the night. Id. at 31, 33. Edwards also stated that before June 2015, she viewed the victim as an outgoing "normal kid, happy, always playing, friendly," but that around the time the victim alleged the incident occurred, Edwards noticed the victim become socially withdrawn. Id. at 33-34.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the Commonwealth presented sufficient evidence for the jury to conclude that Appellant sexually abused the victim in early June 2015 sometime prior to his incarceration on June 10, 2015. Accordingly, Appellant's first challenge to the sufficiency of the evidence fails.

Second, Appellant argues that the victim's testimony at trial indicating that Appellant inserted his fingers into her vagina was inconsistent with what she told her teacher and the forensic interviewer (i.e., that Appellant only put his hands down her underwear when she initially reported the alleged abuse). Appellant also contends that the victim's testimony was inconsistent as to whether he was actually awake when the alleged abuse occurred. Thus, Appellant asserts that the victim's testimony was too unreliable and speculative to sustain his convictions.

Appellant has not preserved these arguments for appellate review because he did not raise them in his Rule 1925(b) statement. In

Commonwealth v. Hill, 16 A.3d 484 (Pa. 2011), our Supreme Court

explained:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to ad hoc exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court sua sponte, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.

Id. at 494 (footnote omitted). Accordingly, Appellant has waived these claims

on appeal.[3]

Finally, Appellant argues that the jury's verdicts were against the weight

of the evidence. Specifically, Appellant takes issue with the reliability and

inconsistency of the victim's testimony at trial relating to whether he inserted

his fingers into her vagina and whether he was awake during the incident.

---

[3] We further note that these arguments challenge the weight of the evidence, not its sufficiency, and thus would not merit relief under a sufficiency of the evidence claim. See Commonwealth v. Melvin, 103 A.3d 1, 43 (Pa. Super. 2014) ("An argument regarding the credibility of a witness'[] testimony goes to the weight of the evidence, not the sufficiency of the evidence."); Commonwealth v. Trinidad, 96 A.3d 1031, 1038 (Pa. Super. 2014) ("variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence") (citations omitted).

Our standard of review for a claim that the verdict was against the weight of the evidence is as follows:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. Commonwealth v. Widmer, [] 744 A.2d 745, 751-52 ([Pa.] 2000); [Commonwealth v. Brown, 648 A.2d 1177, 1189 (Pa. 1994)]. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Widmer, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" [Id.] (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." Brown, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Brown, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. Commonwealth v. Farquharson, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Widmer, 744 A.2d at 753 (emphasis added).

Commonwealth v. Clay, 64 A.3d 1049, 1054-55 (Pa. 2013).

With respect to Appellant's weight of the evidence claim, the trial court determined:

> [T]he Commonwealth's evidence, if believed by the jury, sufficiently established beyond a reasonable doubt each and every element of the charges against [Appellant]. During the jury instructions, the jury was advised that they could choose to believe all, part or none of the testimony of any given witness and that they could accept in whole either the defense version or what [the victim] said happened to her in June [] 2015. Obviously, based on how they observed [] Appellant throughout the trial and his young [victim], in light of the evidence of a significant change in her behavior at or about the time of the incident, lead the jury to accept the Commonwealth's version and the Commonwealth's evidence and to reject that set forth by [] Appellant.
>
> While the [c]ourt was of the opinion while the jury deliberated that it was a close case that could go either way, neither verdict would have surprised the Court or would shock the [c]ourt's conscience or offend its sense of justice.
>
> *       *       *
>
> Nonetheless, the fact that a case is close simply means that it comes down to a question of credibility which is in the sole province of the jury. The trial judge and appellate courts are not free to change the outcome of a trial when it squarely rests on credibility.

Trial Court Opinion, 6/7/18, at 11-12.

It is well settled that "the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses." Commonwealth v. Boyd, 73 A.3d 1269, 1274 (Pa. Super. 2013) (en banc) (quotations and citations omitted). As the factfinder in this case, the jury had the responsibility of determining the credibility of the victim's testimony and the credibility of the other witnesses testifying on behalf of the

Commonwealth. By convicting Appellant, the jury demonstrated that it believed the testimony of the victim and her account of the manner in which Appellant sexually assaulted her, as well as the testimony relating to the change in her behavior following the alleged abuse observed by the other Commonwealth witnesses. Based upon our review of the record and the testimony offered by the Commonwealth's witnesses, we conclude that the jury's verdicts in this case do not shock one's sense of justice. Accordingly, the trial court did not abuse its discretion in finding that the verdict was not against the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2018