360 A.2d 617
**COMMONWEALTH of Pennsylvania**

v.

**Alvin TYLER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 12, 1976.

Decided July 6, 1976.

Burton A. Rose, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Gaele Barthold, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Alvin Tyler, was arrested and indicted for murder, voluntary manslaughter, and involuntary manslaughter; these charges arose from the death of one, Anita Staton. Counsel was appointed by the court to represent appellant. Court appointed counsel entered an appearance on appellant's behalf and represented appellant at the preliminary hearing and at further pretrial proceedings. On July 22, 1974, immediately prior to commencement of trial, appellant requested that his court appointed counsel be dismissed and that new counsel be appointed. At that time appellant alleged an irreconcilable difference of opinion between himself and his court appointed counsel as to the manner in which the trial of his case should be conducted. Appellant's court appointed counsel acknowledged the existence of such a difference of opinion, but advised the court that he was precluded by the attorney-client privilege from further ex-

plaining the nature of the difficulties. Appellant's motion was denied by the trial court. Appellant stated to the court that he would not allow his court appointed counsel to represent him, acknowledged that he was financially unable to secure private counsel, requested the court to provide other counsel for him, and, in light of the court's refusal to appoint other counsel, advised the court that he would represent himself. The trial court then ordered the court appointed counsel to remain and be available for such consultation as "[appellant] cares to make of you," and to "take such steps as appear to be necessary, proper and appropriate on [appellant's] behalf throughout this entire proceeding."

Trial was thereafter held before the judge and a jury from July 22, 1974, through July 25, 1974. Throughout the three days of trial, appellant acted as his own attorney. At the conclusion of the trial appellant was found guilty of second degree murder. Post-verdict motions were filed and argued by the same counsel originally appointed by the court. These motions were denied, and appellant was sentenced to not less than five nor more than twenty years imprisonment. This appeal, in which appellant is represented by new counsel, followed.

Appellant raises three arguments in support of his request for a new trial. In light of our conclusion that appellant did not voluntarily, understandingly, and intelligently waive his constitutional right to counsel during the trial, we need not consider the other two arguments presented. As stated by the prosecution in its brief, any determination as to the validity of appellant's position here requires us to consider:

"(1) Whether the trial court properly denied appellant's request for the appointment of counsel, and (2) if such denial was justifiable, whether the trial court properly allowed appellant to proceed *pro se*."

We conclude that the answer to both questions requires that appellant be granted a new trial.

■ As to the propriety of the trial court's denial of appellant's request for appointment of new counsel, it is true that we have held that an indigent is entitled to free counsel, but *not* entitled to free counsel of his choice. *See Commonwealth v. Johnson*, 428 Pa. 210, 236 A.2d 805 (1968). Although the right to counsel is absolute, there is no absolute right to a particular counsel. *See United States ex rel. Carey v. Rundle*, 409 F.2d 1210 (3d Cir. 1969), cert. denied 397 U.S. 946, 90 S.Ct. 964, 25 L. Ed.2d 127 (1970). As we recognized in *Commonwealth v. Johnson*, supra, a defendant might reject court appointed counsel but he may do so only "for good cause shown." *Id.* at 213, 236 A.2d at 807. *See also* Pennsylvania Rules of Criminal Procedure, Rule 318, 19 P.S. Appendix.

■ The prosecution argues here that the trial court's refusal to appoint new counsel was properly based on our holdings in *Commonwealth v. Segers*, 460 Pa. 149, 331 A.2d 462 (1975) and *Commonwealth v. Johnson*, supra, 428 Pa. 210, 236 A.2d 805 (1968). Quoting from *Commonwealth v. Johnson*, the *Segers'* court specifically rejected a "broad based attack on our entire defender system" as being "good cause" for the granting of a defendant's petition for change of counsel. Unlike the present case, in which appellant's dissatisfaction with his court appointed attorney resulted from what appellant described as an irreconcilable difference between them as to the manner in which the trial should be conducted, Segers' dissatisfaction with his lawyer apparently stemmed primarily from his general unhappiness with court appointed attorneys. Furthermore, in *Segers*, the stated reason for appellant's request for change of counsel was a "conflict of interest," in that his counsel had not obtained two witnesses for his defense. Segers' counsel, however, informed the court that the two witnesses in question had, in fact, been subpoenaed. In the instant case, court appointed counsel *agreed* with appellant that a difference of opinion did exist as to the manner in

which the trial should be conducted. Moreover, there is no evidence that appellant's request for appointment of new counsel was arbitrarily made, or made for the sole purpose of delaying the trial. It is therefore clear to us that the court's refusal to appoint new counsel was an abuse of discretion, and appellant is entitled to a new trial, with new counsel, on that basis.

Alternatively, we conclude that the trial court committed reversible error by allowing appellant to proceed with the trial under his own representation, without first conducting a thorough on-the-record colloquy to determine whether appellant knowingly and understandingly made a decision to represent himself and also to determine the validity of his waiver of the constitutional right to representation by counsel. It is, of course, firmly established that an accused has a constitutional right to counsel during trial. While an accused may waive his constitutional right, such a waiver must be the "free and unconstrained choice of its maker." *Culombe v. Connecticut,* 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961), and also must be made knowingly and intelligently, *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461 (1938). To be a knowing and intelligent waiver defendant must be aware of both the right and of the risks of forfeiting that right. *See Commonwealth v. Barnette,* 445 Pa. 288, 285 A.2d 141 (1971), and cases cited therein. In *Commonwealth v. Barnette,* supra, appellant attacked his conviction on the ground that he had not voluntarily, intelligently, and knowingly waived his constitutional right to the assistance of counsel during the jury selection stage of his trial. Due to an automobile breakdown Barnette's counsel was not present during the jury selection portion of the trial. The trial court had asked Barnette if he would be willing to have his co-defendant's counsel participate on his behalf in the selection of the jury, and Barnette had replied that he was agreeable. On appeal, we reversed, having concluded that Barnette

was not " 'made fully aware' in a constitutional sense of his right to counsel." *Id.* at 291, 285 A.2d at 143. Our conclusion was based on the fact that the defendant Barnette was not informed of the alternatives existing to his allowing co-defendant's counsel to participate on his behalf in the jury selection. We stated that no attempt was made to ascertain whether "[the] accused's professed waiver of counsel [was] understandingly and wisely made [through] a penetrating and comprehensive examination of all the circumstances. . . ." *Id.* at 292, 285 A.2d at 143, quoting from *Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 70, 202 A.2d 303, 305 (1964), and *Von Moltke v. Gillies,* 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309, 321 (1948). Only through such a "penetrating and comprehensive examination of all the circumstances" can the trial court ensure that defendant is aware of the intricacies of the proceeding, and of the consequences of his waiver of the right to have counsel represent him.

The trial court forced appellant in the instant case to either accept court appointed counsel with whom an irreconcilable difference as to the manner in which the trial should be conducted had arisen, a difference which was corroborated by counsel, or to represent himself. In so doing, the court presented appellant with the same "Hobson's choice" given to the appellant in *Commonwealth v. Barnette,* supra, and such action does not comport with the constitutional standards required to be met before a court may accept an alleged waiver of one's constitutional right to representation by counsel.

Judgment of sentence is reversed and the case is remanded for a new trial.

EAGEN, J., concurred in the result.