J-A35005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON CARGILE, | |
| Appellant | No. 52 WDA 2015 |

Appeal from the Judgment of Sentence Entered December 9, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014493-2013

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 30, 2015**

Appellant, Brandon Cargile, appeals from the judgment of sentence of an aggregate term of 20-40 years' incarceration, imposed following his conviction for sexual offenses against a minor. Herein, Appellant challenges the trial court's denial of his trial attorney's pretrial motion to withdraw as counsel. After careful review, we affirm.

The specific facts that led to Appellant's conviction are not pertinent to his appeal. Briefly stated, due to allegations that he had sexually molested his eight year old daughter, Appellant was charged with attempted involuntary deviate sexual intercourse with a child (attempted-IDSI),[1]

---

[1] 18 Pa.C.S. § 901; 18 Pa.C.S. § 3123(b).

unlawful contact with a minor,[2] corruption of minors,[3] indecent exposure,[4] and endangering the welfare of a child.[5] Prior to trial, Appellant's appointed attorney from the Allegheny County Office of the Public Defender, Kathleen Miskovich, Esq., filed a motion for leave to withdraw as counsel, citing irreconcilable differences between herself and Appellant. The trial court denied the motion without a hearing. Attorney Miskovich represented Appellant through all subsequent pretrial, trial, and sentencing proceedings.

A jury found Appellant guilty on all counts on September 3, 2014. On December 9, 2014, the trial court sentenced Appellant to consecutive terms of 10-20 years' incarceration for attempted-IDSI and unlawful contact with a minor. Appellate counsel, Victoria Vidt, Esq., also from the Allegheny County Office of the Public Defender, filed a timely notice of appeal on Appellant's behalf. Appellant then filed a timely, court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and, on May 20, 2015, the trial court issued its Rule 1925(a) opinion. Appellant now presents the following question for our review:

> Did the lower court err by failing to grant trial counsel's mot[io]n to withdraw as counsel, or to even hold a recorded hearing thereon, after counsel asserted irreconcilable differences between herself and her client?

---

[2] 18 Pa.C.S. § 6318(a)(1).
[3] 18 Pa.C.S. § 6301(a)(1)(i).
[4] 18 Pa.C.S. § 3127.
[5] 18 Pa.C.S. § 4304.

Appellant's Brief, at 5.

The matter before us concerns the denial of Attorney Miskovich's pretrial motion to withdraw as Appellant's counsel. Appellant was not seeking to proceed *pro se* at trial, nor does he allege that he was seeking to replace Attorney Miskovich with private counsel. Thus, the issue before us is whether the trial court abused its discretion by not appointing new counsel, or by not holding a hearing to make that determination.

> Pennsylvania Rule of Criminal Procedure 122(C) provides "[a] motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons." Pa.R.Crim.P 122(C). To satisfy this standard, a defendant must demonstrate he has an irreconcilable difference with counsel that precludes counsel from representing him. ***Commonwealth v. Spotz***, 562 Pa. 498, 756 A.2d 1139, 1150 (2000) (citing ***Commonwealth v. Tyler***, 468 Pa. 193, 360 A.2d 617, 619 (1976)). The decision whether to appoint new counsel lies within the trial court's sound discretion. ***Id.*** (citing ***Commonwealth v. Segers***, 460 Pa. 149, 331 A.2d 462, 465 (1975)).

***Commonwealth v. Wright***, 961 A.2d 119, 134 (Pa. 2008).

Attorney's Miskovich's motion to withdraw stated, in pertinent part, as follows:

> 3. There are irreconcilable differences between [Appellant] and defense counsel, and as a result, defense counsel is not adequately able to effectively represent [Appellant].
>
> 4. Defense counsel maintains that it would be in the best interests of [Appellant] for this Honorable Court to appoint new defense counsel.

Motion for Leave to Withdraw as Counsel (hereinafter, "the Motion"), 1/13/14, at 2.

In its Rule 1925(a) opinion, the trial court indicates that it denied the Motion because:

> [D]efense counsel's mere allegation that there were "irreconcilable differences" was not sufficient to warrant her withdrawal. Defense counsel performed ably and well at trial and [Appellant]'s rights and interests were well-represented. Whatever the dispute between [Appellant] and Ms. Miskovitch, it did not impede [Appellant]'s right to a fair trial and to effective counsel. This Court was well within its discretion in denying the Motion to Withdraw.

Trial Court Opinion (TCO), 5/20/15, at 2-3.

Instantly, Appellant contends that the trial court abused its discretion in denying the motion because, in addition to the bald assertion of irreconcilable differences contained in the Motion, Appellant had twice filed *pro se* motions indicating his dissatisfaction with counsel's performance. Appellant states:

> Mr. Cargile filed two *pro se* motions both before and after his trial date. On June 27, 2014, Mr. Cargile filed a Motion for habeas corpus …, contending, *inter alia*, that his appointed counsel was ineffective. In the motion, Mr. Cargile requests that the court appoint counsel to represent him on the motion. Then again, on November 4, 2014, which was after his trial but before sentencing, Mr. Cargile filed a "Motion for Appointed Counsel" which complained that his appointed counsel from the Public Defender's Office had provided ineffective assistance of counsel. These motions demonstrate that Mr. Cargile indeed had no confidence in his appointed counsel and believed that the differences between himself and appointed counsel could not be remedied. In such a case, at a minimum, the court should have held a hearing on the request for new counsel.

Appellant's Brief at 10-11.

We disagree with several aspects of Appellant's argument. It is far too common for criminal defendants to file *pro se* motions while represented by counsel for this Court to give much credence to the notion that the filing of such motions, alone, provides significant evidence of 'irreconcilable differences' for purposes of Rule 122(C). What may be relevant, of course, is the content of such motions. In this regard, we acknowledge that Appellant did raise concerns regarding his counsel's stewardship therein.

However, the Motion was filed and denied by the trial court at least five months' prior to when Appellant's first *pro se* motion was filed. As such, it is not appropriate for us to review whether the trial court erred in denying the Motion, with or without a hearing, based upon information received at a later time. Indeed, Appellant's complaints regarding counsel's performance, as raised in his June 27, 2014 *habeas corpus* motion, concerned counsel's failure to request dismissal of the charges on June 2, 2014, based on the victim's failure to appear on that date. That matter could not have served as the basis for the 'irreconcilable differences' cited by counsel in the Motion filed in January of 2014. By the same logic, with regard to the trial court's analysis, it is irrelevant to the merit of Appellant's claim whether trial counsel performed well at trial nine months after the court had denied the Motion.

Thus, the matter before us is really whether Appellant was entitled to a hearing on the Motion by simply citing the magic language of 'irreconcilable differences,' when, at the time of the Motion, nothing of

record suggested or indicated what those differences were. Appellant has not cited any case law that directly compels this Court to conclude that it would be a *per se* abuse of discretion to deny a motion to withdraw as counsel without a hearing, where there has only been a bare assertion of 'irreconcilable differences.'

Appellant cites to **Commonwealth v. Tyler**, 360 A.2d 617 (Pa. 1976) for support; however, for the following reasons, we find **Tyler** to be unpersuasive in light of the circumstances presented by this case. In **Tyler**, the defendant was denied his request for newly appointed counsel after claiming 'irreconcilable differences' existed between himself and his attorney over trial strategy. When the court sought to inquire as to the nature of those differences, counsel for the defendant asserted that attorney-client privilege prevented any further elaboration. The court then denied the motion to appoint new counsel. The defendant refused to proceed with appointed counsel and represented himself *pro se* at his trial. On appeal, our Supreme Court granted the defendant a new trial due, *inter alia*, to the trial court's failure to appoint new counsel.

In the present matter, Appellant made an even less-detailed assertion of 'irreconcilable differences' in the Motion (there was no mention of differences in trial strategy), and counsel did not assert that the attorney-client privilege prevented further elaboration. And, although the Motion had

attached an appendix which included a blank order for a hearing, the Motion itself did not contain any corresponding request for a hearing.[6] Although we acknowledge that *Tyler* expresses a preference for a hearing, it does not state, or appear to stand for, the proposition that a hearing is mandatory in every instance in which appointed counsel seeks to withdraw by citing 'irreconcilable differences.' Accordingly, we cannot conclude that the trial court clearly abused its discretion in denying the Motion without a hearing, especially given the Motion's lack of detail, or at least some explanation for the lack of detail. Simply put, a bare assertion of 'irreconcilable differences,' without more, does not compel a trial court to hold a hearing to inquire further into the nature of those differences. To hold otherwise would effectively mandate that a hearing be held in every instance in which a motion to withdraw is filed, but no such rule is dictated by the Rules of Criminal Procedure or by Pennsylvania caselaw. As such, Appellant's sole claim lacks merit.

Nevertheless, we reiterate that our decision herein does not at all rely on the trial court's reasoning that counsel "performed ably and well at trial" or that Appellant's right to a fair trial was not impeded by counsel's representation, *see* TCO, at 2-3. *Commonwealth v. Miller*, 787 A.2d

---

[6] The appendix also contained a blank order to deny or grant the withdrawal request, with no reference to a hearing, which the trial court ultimately utilized to deny the Motion.

1036, 1038 (Pa. Super. 2001) ("[I]f a trial court's decision is correct, we may affirm on any ground.").  Instead, we conclude that, irrespective of Attorney Miskovich's trial performance, the Motion was inadequate to justify the appointment of new counsel, or to even hold a hearing to consider the same.  In this regard, we note that Appellant is permitted, without prejudice, to pursue claims of the ineffective assistance of counsel in a subsequent collateral Post Conviction Relief Act petition, including, but not limited to, counsel's stewardship of the Motion.

Judgment of sentence *affirmed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/30/2015