J-A04032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                             :           PENNSYLVANIA
                                             :

              v.                              :
                                             :

RAYMOND STANFORD              :
                                           :
           Appellant           :       No. 2346 EDA 2018

Appeal from the Judgment of Sentence Entered July 6, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007329-2015

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                 **FILED MARCH 06, 2019**

Appellant, Raymond Stanford, appeals from the aggregate judgment of sentence of five to sixteen years of confinement followed by four years of probation, which was imposed after his convictions at a stipulated bench trial for:  one count of dissemination of photographs, videotapes, computer depictions and films depicting a child under the age of eighteen years engaging in a prohibited sexual act or in the simulation of such act; thirty counts of child pornography; and one count of criminal use of communication facility.[1]  After careful review, we vacate the judgment of sentence and remand for a new trial, with new trial counsel.

> We briefly summarize the facts and procedural history of this case as follows.  On August 30, 2015, a detective with the Internet Crimes Against Children Taskforce Unit intercepted a video file containing child pornography.  A search of Internet subscriber

---

[1] 18 Pa.C.S. §§ 6312(c), 6312(d), and 7512(a), respectively.

*   Retired Senior Judge assigned to the Superior Court.

records led police to obtain a search warrant for the apartment wherein Appellant resided with his sister and her two children. Police confiscated a laptop computer and desktop computer from the residence. Appellant's identification was found on a small table next to the desktop computer. Appellant claimed that a friend gave him the laptop computer for repair. Subsequent forensic examinations of the two computers revealed 327 videos and 308 images of child pornography. On October 14, 2015, police arrested Appellant. The Commonwealth originally charged Appellant with 52 various crimes related to child pornography.

*Commonwealth v. Stanford*, No. 94 EDA 2017, unpublished memorandum

at 1-2 (Pa. Super. filed May 7, 2018).

On January 29, 2016, a public defender entered his appearance on

Appellant's behalf. On May 31, 2016, Appellant *pro se* filed a motion for

change of appointed counsel ("the Motion"), which stated, in relevant part:

3. Defendant and counsel have met with each other on **6-7** occasions to discuss defendant's case.

4. Both defendant and counsel believe that there is an irreconcilable personality conflict and irreconcilable conflict and difference of opinion on the manner in which this case should be litigated. The lawyer- client privilege prohibits counsel from disclosing the specific areas of conflict, but the defendant hereby represents that the conflict is irreconcilable and substantial.

5. Because of this irreconcilable conflict defendant moves to have new counsel appointed for him.

The Motion, 5/31/2016, at ¶¶ 3-5 (emphasis in original). On June 1, 2016,

the trial court denied the motion without a hearing.

On June 14, 2016, Appellant appeared for a stipulated non-jury trial. Initially, the Commonwealth moved to amend the criminal information to reduce the total number of criminal counts against Appellant[, which the trial court granted.] . . . [During trial,] the Commonwealth entered into evidence digital images, reports, transcripts from prior proceedings, and factual stipulations. On

July 8, 2016, the trial court entered its verdict finding Appellant guilty of the crimes as set forth above.

On November 29, 2016, the trial court sentenced Appellant[.] . . .

Despite the fact that he was represented by counsel, on December 5, 2016, Appellant filed a *pro se* motion for reconsideration of his sentence. In that filing, Appellant complained that his sentence was too harsh and alleged that trial counsel, appointed from the Public Defender's Office, was ineffective for failing to secure a plea deal. On December 14, 2016, counsel from the Public Defender's Office filed a motion to appoint new counsel for Appellant in light of Appellant's ineffectiveness claim. On December 16, 2016, the trial court appointed new counsel, Jordan Reilly, Esquire, to represent Appellant. On December 27, 2016, Appellant filed a *pro se* notice of appeal. On December 28, 2016, counsel from the Public Defender's Office, despite no longer representing Appellant, filed a notice of appeal on behalf of Appellant. On February 10, 2017, the trial court dismissed Appellant's *pro se* motion for reconsideration because "[b]efore the above motion for reconsideration was addressed by [the trial court], former counsel for [Appellant] filed its [n]otice of [a]ppeal to the Superior Court." Order, 2/10/2017, at *1 n.1. Thereafter, although not entirely clear from the record when, Attorney Reilly "asked to be removed as [counsel for Appellant because] she does not handle appellate work." Trial Court Opinion, 4/28/2017, at 5. . . . On February 15, 2017, the trial court entered an order appointing Richard Packel, Esquire to represent Appellant on appeal . . . On March 7, 2017, Attorney Packel filed a motion to dismiss Appellant's *pro se* appeal as duplicitous. Our Prothonotary discontinued that appeal. . . . The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 28, 2017.

*Stanford*, No. 94 EDA 2017, at 2-4.

On May 7, 2018, this Court entered a memorandum decision "remand[ing] this case to the trial court and direct[ing] that it reinstate Appellant's post-sentence rights *nunc pro tunc*, to allow current counsel to file a post-sentence motion on Appellant's behalf for the trial court's consideration." *Id.* at 7.

- 3 -

On June 5, 2018, Attorney Packel filed a post-sentence motion to modify sentence, which the trial court denied on July 9, 2018. On July 31, 2018, Appellant filed this timely direct appeal.[2]

Appellant now presents the following issues for our review:

[1.] Did the court below err in dismissing [the Motion] without a hearing on the [M]otion? If this is determined in favor of [Appellant], what should be the remedy for this error?

[2.] Did the court below err procedurally in sentencing [Appellant], by not considering the statutory provisions of the Sentencing Code as well as the Sentencing Guidelines?

[3.] Did the court below err as an abuse of discretion in sentencing [Appellant] in light of a number of mitigating factors in favor of [Appellant]?

Appellant's Brief at 3-4 (trial court's answers and Appellant's suggested answers omitted).

Appellant first contends that the trial court erred by denying the Motion "without a hearing . . . almost immediately[,]" even though he had filed the Motion "several weeks before his trial[.]" Appellant's Brief at 26.

Although there is no question that an indigent prisoner is entitled to free legal counsel, *see* U.S. Const. amend. VI; Pa. Const. art. 1, § 9, "[t]he decision of whether to appoint new counsel lies within the sound discretion of the trial court." *Commonwealth v. Keaton*, 45 A.3d 1050, 1070 (Pa. 2012) (citation omitted).

_____

[2] The trial court did not order and Appellant did not file a new statement of errors complained of on appeal. On August 8, 2018, the trial court entered an opinion stating that it "adopts the reasoning" set forth in its prior opinion, dated April 28, 2017. Trial Court Opinion, filed August 8, 2018, at 2.

In **Commonwealth v. Tyler**, 360 A.2d 617, 618 (Pa. 1976), the Supreme Court of Pennsylvania also considered an appeal where,

> prior to commencement of trial, appellant requested that his court appointed counsel be dismissed and that new counsel be appointed. At that time appellant alleged an irreconcilable difference of opinion between himself and his court appointed counsel as to the manner in which the trial of his case should be conducted.

The court was advised that "the attorney-client privilege" "precluded . . . further expla[nation]" of "the nature of the difficulties." **Id.** The defendant's "motion was denied by the trial court." **Id.** The trial court thus had no information about the specific conflict between the defendant and his attorney before it denied the defendant's request for new counsel. **Id.** The Supreme Court concluded that, since "there [wa]s no evidence that [the defendant]'s request for appointment of new counsel was arbitrarily made, or made for the sole purpose of delaying the trial[,]" the "refusal to appoint new counsel was an abuse of discretion" and that the defendant was "entitled to a new trial, with new counsel, on that basis." **Id.** at 619.

The current action is analogous to **Tyler**. As in **Tyler**, prior to commencement of trial, Appellant requested that his court-appointed counsel be dismissed and that new counsel be appointed. **Compare** The Motion, 5/31/2016, at ¶ 5 **with Tyler**, 360 A.2d at 618. At that time, Appellant alleged an irreconcilable difference of opinion between himself and his court-appointed counsel as to trial strategy. **Compare** The Motion, 5/31/2016, at ¶ 4 **with Tyler**, 360 A.2d at 618. The trial court was advised that attorney-

client privilege precluded further explanation as to the nature of the conflict, and, even though there was no evidence that Appellant's request for appointment of new counsel was arbitrarily made or made for the sole purpose of delaying trial, the trial court denied the Motion. **Compare** The Motion, 5/31/2016, at ¶ 4, **with Tyler**, 360 A.2d at 618-19. Hence, as with the trial court in **Tyler**, **id.**, the trial court in the current appeal had no information about the specific conflict between Appellant and his public defender before it denied Appellant's request for new counsel. Therefore, just like the Supreme Court found in **Tyler**, **id.** at 619, we are constrained to hold that the refusal of the trial court in the current case to appoint new counsel was an abuse of discretion and that Appellant is entitled to a new trial, with new counsel, on that basis.[3]

---

[3] In its brief to this Court, the Commonwealth relies upon a history of the interaction between Appellant and his appointed counsel subsequent to the filing of the Motion in support of its contention that the trial court did not err when it denied the Motion. Commonwealth's Brief at 8-10. However, it is not appropriate for us to review whether the trial court erred in denying the Motion, without a hearing, based upon information received at a later date, and the public defender's ultimate trial performance is irrelevant to our decision.

Additionally, the Commonwealth's argument that Appellant could not file a motion for change of counsel, as "there is no hybrid representation in Pennsylvania[,]" **id.** at 8 (citations omitted), ignores that Pa.R.Crim.P. 122(C) carves out a specific exception that allows a defendant to file a motion for change of counsel. Furthermore, the motivation of our Supreme Court in precluding hybrid representation was to prevent the problems associated with "competing filings" by a defendant and his counsel. **Commonwealth v.**

We are aware that the current matter is atypical, in that the trial court has already appointed appellate counsel, different from Appellant's trial counsel. There has been no suggestion that Appellant has had any irreconcilable difference with his current appellate counsel. Therefore, following an on-the-record inquiry with Appellant and his current counsel, the trial court may reappoint current appellate counsel, Attorney Packel, to serve

_____

**Glacken**, 32 A.3d 750, 753 (Pa. Super. 2011). Here, there are no competing filings.

Finally, the case law relied upon by the Commonwealth in its brief can be distinguished from the facts of the instant appeal. The Commonwealth cites to **Commonwealth v. Floyd**, 937 A.2d 494, 497 (Pa. Super. 2007), stating: "a strained relationship, differences of opinion in trial strategy, lack of confidence in counsel's ability, or brevity of pretrial communications does not warrant appointment of new counsel[.]" Commonwealth's Brief at 11. Nevertheless, **Floyd** is distinguishable, because the trial court in **Floyd** "conduct[ed] an extensive inquiry" with both the defendant and his appointed counsel "as to the underpinnings of [the defendant]'s complaints[.]" 937 A.2d at 500. In the instant case, the trial court denied the Motion the day after it was filed and never conducted a hearing with Appellant or his appointed public defendant trial counsel as to Appellant's complaints. For this reason, **Floyd** differentiated itself from **Tyler**. **See** 937 A.2d at 500.

The Commonwealth's reliance on **Commonwealth v. Newman**, 555 A.2d 151 (Pa. Super. 1989), for the concept that there is no error where a defendant fails "to press his desire for new counsel after filing" a motion for change of counsel, Commonwealth's Brief at 12, is likewise misplaced. In **Newman**, 555 A.2d at 161, the defendant's motion was never brought to the attention of the trial court or trial counsel, the defendant later decided to represent himself at trial, and the motion itself was described as "boilerplate" by this Court. In the instant matter, the Motion was brought to the attention of the trial court -- as evidence by the court's entry of an order denying the Motion, Appellant never requested to represent himself, and the Motion, although terse, provided adequate information to avoid the label of "boilerplate."

For all these reasons, the Commonwealth's argument is unpersuasive.

as new trial counsel or may appoint another new attorney, at the trial court's discretion.

As we vacate the judgment of sentence and remand on Appellant's first claim, we need not reach his remaining challenges to the discretionary aspects of his sentence. *See* Appellant's Brief at 3-4, 37-49.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/19