J-S67027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID REID | : | |
| | : | |
| Appellant | : | No. 493 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 6, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000300-2018

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                **FILED: FEBRUARY 3, 2020**

Appellant, David Reid, appeals from the Judgment of Sentence entered

by the Dauphin County Court of Common Pleas after he pleaded guilty to three

counts of Manufacture, Delivery, or Possession with Intent to Manufacture or

Deliver; two counts of Criminal Use of Communication Facility; and one count

of Use or Possession of Drug Paraphernalia.[1] After careful review, we conclude

that the trial court committed reversible error by failing to comply with

Pa.R.Crim.P. 121, pertaining to the waiver of trial counsel. Therefore, we

vacate Appellant's Judgment of Sentence and remand for a new trial.[2]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 7512(a); and 35 P.S. § 780-113(a)(32), respectively.

[2] On December 17, 2019, Appellant filed an Application for Leave to File a Supplemental Brief and attached the Supplemental Brief. We, hereby, grant the Application and accept the Supplemental Brief as filed.

On January 23, 2018, Appellant was charged with the above crimes. On September 13, 2018, Appellant appeared before the court *pro se* and requested a continuance. He explained that he had two attorneys, but he believed they were incompetent and informed the court that he was trying to obtain another attorney. The court granted him a continuance.

On November 15, 2018, Appellant again appeared before the court *pro se*. The Commonwealth informed the court that Appellant had had three different attorneys. The court did not conduct a **Grazier**[3] hearing. The court then scheduled the case for trial.

On March 6, 2019,[4] Appellant appeared *pro se* with Assistant Public Defender Christopher Amthor, Esq., as standby counsel and entered an open guilty plea to the above crimes after the following exchange:

> THE COURT: . . . You're also representing yourself here today. Mr. Amthor is just here as standby. And you chose to do that, correct, to represent yourself?
>
> THE DEFENDANT: Yes.
>
> THE COURT: I believe you did have previous counsel.
>
> THE DEFENDANT: Yes.
>
> THE COURT: Can you not afford an attorney?
>
> THE DEFENDANT: Well, I can now. Income tax time is here now, so --

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[4] The court continued the trial in January 2019 and February 2019.

THE COURT: Understood. But you understand that the plea negotiation that the Commonwealth is offering you is in your best interest?

THE DEFENDANT: I pray to God it is.

THE COURT: All right. So you're waiving your right to a jury trial?

THE DEFENDANT: Yes, ma'am.

THE COURT: And you're waiving the rights to have counsel present with you and represent yourself?

THE DEFENDANT: If I did get counsel, would I be --

THE COURT: It's going to be the same outcome.

THE DEFENDANT: Same thing.

THE COURT: Well, I don't know. Their offer may change, I don't know. That's up to the Commonwealth.

THE DEFENDANT: Yeah, you're right. I'm here. I'm here.

THE COURT: I have nothing to do with that.

THE DEFENDANT: I'm here.

N.T. Plea Hearing, 3/6/19, at 4-5.

On the same date, the court sentenced Appellant to an aggregate term of one to three years of imprisonment.

Appellant filed a timely *pro se* appeal.[5] The court ordered Appellant to file a Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal. Appellant complied. On May 7, 2019, the court held a ***Grazier*** hearing and

---

[5] While his appeal was pending, Appellant filed a Post-Sentence Motion requesting to withdraw his guilty plea. The court denied it for lack of jurisdiction.

subsequently appointed the Dauphin County Public Defender's Office as appellate counsel. Appointed counsel filed an additional Rule 1925(b) Statement. After two additional **Grazier** hearings, Appellant informed the court that he wished to proceed *pro se* and filed another *pro se* Rule 1925(b) Concise Statement of Matters Complained of on Appeal on June 3, 2019. The trial court filed a Rule 1925(a) Opinion, addressing only the issues raised in Appellant's *pro se* 1925(b) Statements.

Appellant raises four issues for our review. The first issue challenges whether he knowingly, voluntarily, and intelligently waived his right to be represented by counsel prior to entering his guilty plea. Appellant's Br. at 4. In response, the Commonwealth contends that Appellant waived the issue on appeal. Appellee's Br. at 4.

Generally, "[w]here the parties fail to preserve an issue for appeal, the Superior Court may not address that issue *sua sponte*." **Commonwealth v. Johnson**, 158 A.3d 117, 121 (Pa. Super. 2017). However, "failure to raise an issue in a criminal proceeding does not constitute a waiver where the defendant is not represented by counsel in the proceeding." **Id.** (quoting **Commonwealth v. Monica**, 597 A.2d 600, 603 (Pa. 1991)). Where a defendant was denied his right to counsel or failed to properly waive that right, this Court is required to raise this error *sua sponte* and remand for the trial court to correct that mistake. **Commonwealth v. Murphy**, 214 A.3d 675, 678 (Pa. Super. 2019); **Johnson**, 158 A.3d at 121 (quoting **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011)).

Here, there is no dispute that Appellant acted *pro se* during his guilty plea hearing. Therefore, we need not address whether Appellant waived the claim that his waiver to counsel was not knowing, intelligent, and voluntary. Instead, we must *sua sponte* address whether Appellant knowingly, voluntarily and intelligently waived his right to counsel. *See Johnson*, *supra* at 121.

The right to counsel and the corresponding right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section Nine of the Pennsylvania Constitution. *Commonwealth v. Payson*, 723 A.2d 695, 699 (Pa. Super. 199). As our Supreme Court has made clear:

> [i]t is . . . firmly established that an accused has a constitutional right to counsel during trial. While an accused may waive his constitutional right, such a waiver must be the free and unconstrained choice of its maker, and also must be made knowingly and intelligently. To be a knowing and intelligent waiver defendant must be aware of both the right and of the risks of forfeiting that right.

*Commonwealth v. Tyler*, 360 A.2d 617, 620 (Pa. 1976) (citations and quotation marks omitted); *Payson*, *supra* at 700. Deprivation of the right to counsel, or the right to waive counsel, can never be harmless. *Payson*, 723 at 699–700. Moreover,

> the presumption must always be against the waiver of a constitutional right. Nor can waiver be presumed where the record is silent. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. . . . [T]his court is constitutionally

bound to place the burden of proving waiver on the Commonwealth.

*Commonwealth v. Monica*, 597 A.2d 600, 603 (Pa. 1991) (emphasis removed).

When a defendant seeks to waive the right to counsel, the trial court must conduct on the record a full and complete waiver colloquy to determine whether the defendant's waiver is knowing, voluntary, and intelligent. *Commonwealth v. Brazil*, 701 A.2d 216, 219 (Pa. 1997). *See Johnson*, *supra* at 121 (stating that the court must conduct a "thorough inquiry into the accused's appreciation of both [the right to counsel and the right to represent oneself] . . . at trial, guilty plea hearings, sentencing, and every 'critical stage' of a criminal proceeding.") (citation omitted). The appointment of standby counsel does not alter this requirement. *Brazil*, *supra* at 219.

Pennsylvania Rule of Criminal Procedure 121 outlines the requirements for a valid waiver-of-counsel colloquy. It states, in pertinent part:

> [T]he judge or issuing authority, at a minimum, shall elicit the following information from the defendant:
>
> (a) that the defendant understands that he . . . has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>
> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>
> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he . . . waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2). A court's failure to conduct a valid colloquy before allowing a defendant to proceed *pro se* constitutes reversible error. **Murphy**, **supra** at 678; **Johnson**, **supra** at 122.

The on-the-record colloquy regarding Appellant's waiver of his right of counsel falls woefully short of the requirements set forth in Rule 121. The court failed to elicit from Appellant, *inter alia*, whether he understood his right to counsel and the inherent risks in forfeiting that right. **See Tyler**, **supra** at 620; **Payson**, **supra** at 700; Pa.R.Crim.P. 121(A)(2). We, therefore, conclude that the trial court committed reversible error by allowing Appellant to proceed *pro se* without first conducting a valid on-the-record colloquy to determine whether his waiver of counsel was knowing, voluntary, and intelligent.

Accordingly, we vacate Appellant's judgment of sentence and remand for the appointment of counsel, or a full waiver colloquy, and a new trial. **See Payson**, **supra** at 703 (vacating and remanding for a new trial

where trial court failed to conduct valid waiver of counsel colloquy prior to defendant's guilty plea).[6]

Judgment of sentence vacated. Case remanded for new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/03/2020

---

[6] Because this issue is dispositive, we need not address Appellant's remaining issues he raised in this appeal.