J-S08014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL DWAIN MATHEW | : | |
| | : | |
| Appellant | : | No. 270 MDA 2022 |

Appeal from the Judgment of Sentence Entered February 1, 2022
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000603-2020

BEFORE:  OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:　　　　**FILED: MAY 24, 2023**

Appellant, Michael Dwain Mathew, appeals from the judgment of sentence entered on February 1, 2022, following his jury trial conviction for failure to comply with registration requirements, 18 Pa.C.S.A. § 4915.2. We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> [Appellant] was convicted in Oregon on November 19, 1993, for an offense [of sexual abuse[1]] that occurred on or about August 8,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Upon our review of the record, Appellant was convicted of first-degree sodomy in Oregon in 1993. The equivalent crime in Pennsylvania is involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123. SORNA classifies offenders and their offenses into three tiers. **Commonwealth v. Lacombe**, 234 A.3d 602, 611 (Pa. 2020), *citing* 42 Pa.C.S.A. § 9799.14. Involuntary
*(Footnote Continued Next Page)*

1993. He committed his Oregon offense prior to this Commonwealth's enactment of [the Sex Offender Registration and Notification Act (SORNA)]. However, he was required to register in Oregon as a sex offender in accordance with Oregon Law before he moved to Pennsylvania in 2009.

On or about June 1, 2009, [Appellant] relocated to Pennsylvania. Due to his Oregon conviction, he [was] required to register as a lifetime sexual offender with the Pennsylvania State Police under Pennsylvania's sexual offender registration law.[2] He completed his initial registration with [the Pennsylvania State Police (PSP)] at that time. As part of his initial registration, he executed [r]egistration forms acknowledging that he was required to register as a sex offender, that he had to report changes of address within three (3) business days, and that failure to provide such information when registering would subject him to arrest and felony prosecution pursuant to [] 18 Pa.C.S.A. § 4915.2. Since that time, he registered every year, up to and including October 23, 2019.

In 2019, [Appellant] was under Perry County supervision for unrelated offenses. He was required to report changes of address as [a condition of that] supervision. On December 3, 2019, he contacted his Perry County Probation Officer to report that his house burned down. He told his [probation officer] that he had moved from [a residence on] Clay Street [] to [] North 18th Street [in] Harrisburg[, Pennsylvania]. His [probation officer] advised him that he also needed to update his address with PSP [for compliance with sexual offender reporting requirements].

On February 5, 2020, [PSP] generated an investigation request and [forwarded] it to the East Pennsboro Township Police Department, asking that it investigate whether [Appellant] was [in

_____

deviate sexual intercourse is a tier III offense, subject to lifetime sex offender registration. **Id.** at 613. Appellant does not dispute this determination.

2 Because Appellant was a sex offender registrant in Oregon in 2009 when he relocated to Pennsylvania, he was also required to register as a sex offender in Pennsylvania. **See T.P.B. v. Pennsylvania State Police**, 264 A.3d 828 (Cmwlth. Ct. 2021), *affirmed sub nom.,* **T.P.B. v. Pennsylvania State Police, Megan's L. Section**, 278 A.3d 843 (Pa. 2022) *citing former* 42 Pa.C.S.A. § 9795.2(b)(4)(iii)-(v) (effective Jan. 1, 2007 through Feb. 20, 2012).

compliance] with his sexual offender reporting requirements. His last reported address to the PSP [] was [] Clay Street [] which is under East Pennsboro's jurisdiction. At some point the same day, [Appellant] reported in-person to [PSP] and again signed an acknowledgment of his SORNA obligations. At that time, he also reported a change of address stating that on February 4, 2020, he moved to [] Executive Park Drive, Harrisburg[, Pennsylvania.]

[A police officer from] the East Pennsboro Police Department investigated [the] report from [PSP]. He found that the Clay Street residence [] burned down on November 12, 2019. It was no longer a viable residence after the fire. [Appellant] did not report his new address to PSP until February 5, 2020. Based upon that information, [Appellant was charged] with [failure to comply with registration requirements].

Trial Court Opinion, 6/28/2022, at 1-3 (footnotes and record citations omitted). On November 2, 2021, a jury convicted Appellant of the aforementioned crime. On February 1, 2022, the trial court sentenced Appellant to 31 to 62 months of imprisonment. This timely appeal resulted.[3]

_____

[3] Appellant filed a notice of appeal on February 14, 2022. After transcripts from trial were filed, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) by an order entered on March 28, 2022. Appellant complied timely on April 18, 2022. On June 28, 2022, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

On December 20, 2022, Appellant filed a *pro se* application with this Court requesting the appointment of substitute counsel from outside of the Public Defender's Office. Appellant averred that he had no contact with appointed counsel since February 2022. Because appointed counsel filed an appellate brief on behalf of Appellant, it was clear that counsel had not abandoned Appellant. Accordingly, on December 28, 2022, we entered an order denying Appellant's request for substitute counsel and directing counsel of record to advise Appellant in writing regarding the status of his appeal and to file a copy of said correspondence with this Court within 14 days. To date, counsel has not responded to this Court's order.

*(Footnote Continued Next Page)*

On appeal, Appellant presents the following issue for our review:

> I. Was the evidence sufficient to establish [the] requisite *mens rea* that Appellant "knowingly" failed to comply with SORNA registration requirements?

Appellant's Brief at 7.

Appellant acknowledges that he "was in technical violation" of his obligation to comply with registration requirements when he "reported [his] most recent address to the PSP several months after a fire destroyed his last reported home[.]" ***Id.*** at 13; ***see also id.*** at 15 ("Acknowledged, technically, [Appellant] violated the SORNA registration requirements."). Appellant

---

"It is well settled that an indigent is entitled to free counsel, but not to free counsel of his choice." ***Commonwealth v. Person***, 498 A.2d 432, 436 (Pa. Super. 1985) (citations omitted). "Although the right to counsel is absolute, there is no absolute right to a particular counsel." ***Id.*** (citations omitted). Moreover, our Supreme Court has recognized:

> Pennsylvania Rule of Criminal Procedure 122(C) provides "[a] motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons." Pa.R.Crim.P 122(C). To satisfy this standard, a defendant must demonstrate he has an irreconcilable difference with counsel that precludes counsel from representing him. ***Commonwealth v. Spotz***, 756 A.2d 1139, 1150 (Pa. 2000), *citing* ***Commonwealth v. Tyler***, 360 A.2d 617, 619 (Pa. 1976).

***Commonwealth v. Wright***, 961 A.2d 119, 134 (Pa. 2008). The decision whether to appoint new counsel is discretionary. ***Id.*** (citation omitted).

Here, we denied Appellant's application for relief since he had not demonstrated that he had an irreconcilable difference with counsel that precluded counsel from representing him. Indeed, counsel filed an appellate brief with this Court arguing that there was insufficient evidence to support Appellant's conviction. However, we certainly do not condone counsel's inattention to this Court's subsequent directives.

asserts that he was "transient" and moved from place to place in the months following the complete loss of his residence and all his belongings, but "concede[s] that homelessness or transience is not a defense to violating SORNA." *Id.* at 13-14.   Appellant recognizes that "[h]e should have reported the moves within [a] certain allotted time, but [contends he] had no means of registering in person at a PSP barracks, as required by SORNA" because he sold his car.  *Id.* at 13.   Appellant further recognizes that he updated his probation officer about his change of residency, albeit well after the three-day period for notifying PSP under SORNA's sex offender registration requirements, but also asserts that his probation officer "made no effort to assist him in complying with the law[.]" *Id.*   Instead, Appellant argues that the Commonwealth failed to prove that he "knowingly" violated the law.  *Id.* at 16.  "To put it another way," Appellant posits that "he acted within the *spirit* of the law." *Id.* (emphasis in original).  Appellant claims that he "made [] best effort[s] to report to [PSP and] did not attempt to absolutely avoid registering[.]" *Id.* at 23.  Appellant suggests he "is a *victim* of circumstances, and those circumstances, temporarily, led to his noncompliance." *Id.* at 24 (emphasis in original).   Finally, Appellant points out that he "successfully complied with the law during the [prior] 10 years[.]" *Id.* at 25.  Accordingly, Appellant argues that there was insufficient evidence to support his conviction for failure to comply with registration requirements.  *Id.* at 29.

This Court has recently determined:

When reviewing a sufficiency-of-the-evidence claim, we face a question of law. Accordingly, our standard of review is *de novo*. We view the evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor. Through this lens, we must ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt.

The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, we may not weigh the evidence and substitute our judgment for the factfinder. Any doubts regarding a defendant's guilt may be resolved by the factfinder, unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances. Critically, the jury, when ruling on the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

As for the substantive law, [we have explained above that] SORNA assigns registration requirements of varying durations to convicted sexual offenders. The statute ties the length of an offender's registration period to the severity and number of underlying crimes for which the offender has been convicted. ***See*** Pa.C.S.A. § 9799.55 (imposing ten-year-registration and lifetime-registration requirements for various offenders).

[…Registrants] "shall provide the Pennsylvania State Police with all current or intended residences, all information concerning current or intended employment, and all information concerning current or intended enrollment as a student." 42 Pa.C.S.A. § 9799.56(a)(1)(iii).

Furthermore, sexual offenders [who are subject to registration requirements]:

shall inform the Pennsylvania State Police within three business days of:

(i) A change of residence or establishment of an additional residence or residences.

\* \* \*

42 Pa.C.S.A. § 9799.56(a)(2).

\* \* \*

The registration obligations are ongoing.

* * *

A registrant who "knowingly fails to register with the Pennsylvania State Police as required under 42 Pa.C.S.A. § 9799.56 ... [or to] verify [their] residence or be photographed as required under 42 Pa.C.S.A. § 9799.60" commits the crime of failure to comply with SORNA-registration requirements. 18 Pa.C.S.A. § 4915.2(a)(1),(2) (subsection numeration omitted).

*Commonwealth v. Roberts*, -- A.3d --, 2023 WL 2358844, at *1-2 (Pa. Super. Mar. 6, 2023) (internal case citations and most quotations omitted). "[H]omelessness is not a defense for failing to satisfy the registration requirements[.]" *Commonwealth v. Demmitt*, 45 A.3d 429, 432 (Pa. Super. 2012) (*en banc*), *citing* *Commonwealth v. Wilgus*, 40 A.3d 1201, 1208 (Pa. 2012) ("*Wilgus II*").

Moreover,

The legislature has defined "knowingly" as follows:

A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

18 Pa.C.S.A. § 302(b)(2).

* * *

To violate 18 Pa.C.S.A. § 4915.2(a)(1),(2), a registrant must "knowingly fail to register" or "knowingly fail to verify." 18 Pa.C.S.A. § 4915.2(a)(1),(2). Therefore, a registrant must be aware that [his conduct involves a failure to report a change in

residence or to verify required information with PSP and that he] is practically certain [that a] fail[ure] to report [or] to verify [information will result from his conduct.] The *mens rea* is simply that the *actus reus* of failure be committed knowingly.

In most cases, such a failure will be knowing, because a rational actor knows when he fails to do something. The only exceptions would be in cases where a registrant has dementia, is in a coma, or suffers from a similar mental incapacity.

A registrant's reason for failing to report or to verify is irrelevant to the *mens rea* analysis, where, as here, the registrant knew he failed to report or to verify.

***Roberts***, 2023 WL 2358844, at *3-4.

Here, there is no dispute that Appellant was subject to lifetime reporting requirements under SORNA and that he was aware that he was required to report a change of residence with PSP within three days. Moreover, Appellant does not challenge our Supreme Court's prior pronouncements that homelessness is not a defense to failing to report change of residence. Appellant clearly knew that he had a duty to, but failed to, report. As set forth in ***Roberts***, Appellant's reason for failing to report is wholly irrelevant. For all of the foregoing reasons, Appellant's claim that the Commonwealth failed to present sufficient evidence to support his conviction lacks merit.

Judgment of sentence affirmed.

Judge McCaffery joins this Memorandum.

Judge Colins notes dissent.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2023